**Alice FRAZEE, Appellant,**

v.

**IOWA BOARD OF PAROLE, Appellee.**

**No. 59349.**

Supreme Court of Iowa.

Dec. 15, 1976.

Paul A. Mahr, Sioux City, for appellant.

Richard C. Turner, Atty. Gen., Thomas D. McGrane, Asst. Atty. Gen., and Zigmund Chwirka, Woodbury County Atty., for appellee.

Heard by MOORE, C. J., and MASON, UHLENHOPP, REYNOLDSON and McCORMICK, JJ.

UHLENHOPP, Justice.

This appeal involves judicial review under the Iowa Administrative Procedure Act (IAPA) of parole revocations by the Iowa Board of Parole. See ch. 17A, Code 1975. We decided a similar case today. *Airhart v. Iowa Dep't of Social Services,* 248 N.W.2d 83 (Iowa).

Alice Frazee was convicted of a crime and sentenced to the Iowa Women's Reformatory. On December 5, 1974, the Board of Parole released her on parole. On July 3, 1975, her parole officer had her arrested and placed in jail. On November 11, 1975, the Board held a hearing and revoked her parole.

Frazee then brought the present action in district court under IAPA for review and reversal of the parole revocation. The Board moved to dismiss Frazee's petition on the ground that her exclusive remedy is under the Uniform Postconviction Procedure Act (UPPA), ch. 663A, Code 1975.

The trial court sustained the motion, and Frazee stood on the motion and appealed. See rule 86, Rules of Civil Procedure. In this court Frazee argues as she did in district court that she has a right to judicial review under the provisions of IAPA.

Section 663A.2(5) of UPPA, which the legislature enacted in 1970, provides in part:

Any person who has been convicted of, or sentenced for a public offense and who claims that . . . his probation, parole, or conditional release has been unlawfully revoked . . . may institute, without paying a filing fee, a proceeding under this chapter to secure relief.

Section 663A.2 provides additionally:

This remedy is not a substitute for nor does it affect any remedy, incident to the proceedings in the trial court, or of direct review of the sentence or conviction. Except as otherwise provided in this chapter, it comprehends and takes the place of all other common law, statutory, or other remedies formerly available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them.

In 1974 we held that an individual's remedy for unlawful revocation of *probation* is under § 663A.2, supra, rather than by direct appeal from the original sentence. *State v. Halsne*, 219 N.W.2d 657 (Iowa) (attempted appeal from original sentence). See also *State v. Rheuport*, 225 N.W.2d 122, 123 (Iowa) (January 1975 decision: "We hold chapter 663A [UPPA] provides the exclusive remedy for challenging revocation of probation"—attempted direct appeal from revocation); *State v. Farmer*, 234 N.W.2d 89 (Iowa) (permissible appeal from final judgment containing sentence, when sentence deferred under § 789A.1 and later imposed upon revocation of probation).

IAPA became effective July 1, 1975. 65 G.A. ch. 1090, § 24. It defines an agency as follows, in what is now § 17A.2(1) of the Code: "*'Agency'* means each board, commission, department, officer or other administrative officer or unit of the state. 'Agency' does not mean the general assembly, the courts, the governor or a political subdivision of the state or its officers and units." In § 17A.2(2), the Act defines a contested case as follows: "*'Contested case'* means a proceeding including but not restricted to ratemaking, price fixing, and licensing in which the legal rights, duties or privileges of a party are required by Constitution or statute to be determined by an agency after an opportunity for an evidentiary hearing." In § 17A.2(9), the Act defines agency action thus: "*'Agency action'* includes the whole or a part of an agency rule or other statement of law or policy, order, decision, license, proceeding, investigation, sanction, relief, or the equivalent or a denial thereof, or a failure to act, or any other exercise of agency discretion or failure to do so, or the performance of any agency duty or the failure to do so."

A substantial part of IAPA prescribes the method of handling contested cases by agencies. Section 17A.11 deals with presiding officers in contested cases; § 17A.12 deals with notice, hearing, and records; § 17A.13 with subpoenas and discovery; § 17A.14 with evidence; § 17A.16 with decisions and rehearings; § 17A.17 with ethical considerations in such proceedings; and § 17A.18 with license proceedings specifically.

Section 17A.19 of the Act provides for judicial review, and § 17A.20 provides for further judicial review on appeal.

As to the coverage of IAPA with reference to contested cases, § 17A.1(2) provides in pertinent part: "This chapter is meant to apply to all rule-making and contested case proceedings and all suits for the judicial review of agency action that are not specifically excluded from this chapter or some portion thereof by its express terms or by the express terms of another chapter."

With reference to judicial review specifically, IAPA provides in the relevant part of § 17A.19, supra: "Except as expressly provided otherwise by another statute referring to this chapter by name, the judicial review provision of this chapter shall be the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of such agency action. However, nothing in this Chapter shall abridge or deny to any person or party who is aggrieved or adversely affected by any agency action the right to seek relief from such action in the courts."

Then the interpretive provisions of IAPA state in § 17A.23 as to applicability of rights and requirements in the chapter:

Except as expressly provided otherwise by this Chapter or by another statute referring to this Chapter by name, the rights created and the requirements imposed by this Chapter shall be in addition to those created or imposed by every other statute now in existence or hereafter enacted. If any other statute now in existence or hereafter enacted diminishes any right conferred upon a person by this Chapter, this Chapter shall take precedence unless the other statute expressly provides that it shall take precedence over all or some specified portion of this named Chapter.

And the same section provides as to applicability of the chapter to agencies, agency proceedings, and agency action:

The Iowa administrative procedure act shall be construed broadly to effectuate its purposes. This Chapter shall also be construed to apply to all agencies not expressly exempted by this Chapter or by another statute specifically referring to this Chapter by name; and except as to proceedings in progress on July 1, 1975, this Chapter shall be construed to apply to all covered agency proceedings and all agency action not expressly exempted by this Chapter or by another statute specifically referring to this statute by name.

See Bonfield, Iowa Administrative Procedure Act, 60 Iowa L.Rev. 731, 757–758 (1975) ("All the above language is meant to do, and can in fact effectively accomplish, is to make it difficult for those who are the proponents of an exemption to establish its existence.").

The question this appeal presents is quite narrow: whether the judicial review provisions in § 17A.19 cover parole revocations by the Board. The appeal does not require us to decide whether § 17A.19 provides the exclusive judicial review of such revocations. Nor does it involve revocation of probation granted by a court under § 789A.1 of the Code.

The events in this case occurred after the effective date of IAPA. The question we must decide turns on whether, under IAPA, the Board is an "agency," its parole revocation proceedings are "contested case proceedings," and its revocation orders constitute "agency action."

*Board as an Agency.* Section 247.1 of the Code establishes the Board of Parole, and § 247.2 authorizes the Governor to appoint the members of the Board with the approval of the Senate. The Board comes within the language, a "board . . . of the state," found in § 17A.2(1) defining agencies. No statutory provisions appear which exempt the Board from the operation of IAPA. Indeed the Board has adopted rules under IAPA which are now found in the Iowa Administrative Code, rules 615–1.-1(247) to 615–9.1(247).

The trial court held that a revocation proceeding is court action and hence not within IAPA. Evidently the court thought that the limiting clause of § 17A.2(1) applies: " 'Agency' does not mean . . . the courts. . . . " The trial court's view would be the correct one were this a court revocation of probation granted by a court. Code 1975, § 789A.1. But this is a revocation of parole granted by the Board. The only way the courts come into the picture is by judicial review of agency action, provided by IAPA itself in § 17A.19. We hold that the Board is an "agency" within IAPA.

*Revocation Proceedings as Contested Case Proceedings.* Section 17A.1(2) makes the Act apply to an agency's contested case proceedings which are not specifically excluded. Under § 17A.2(2), a "contested case" includes a proceeding in which a person's rights and privileges are required by Constitution or statute to be determined by an agency after an opportunity for an evidentiary hearing. Parole revocation proceedings fit the description. *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484.

The trial court held, however, that UPPA makes itself the exclusive remedy in parole revocation cases. The court relied on § 663A.2 which provides concerning UPPA: "Except as otherwise provided in this chapter, it comprehends and takes the place of all other common law, statutory, or other remedies formerly available for challenging the validity of the conviction or sentence. It shall be used exclusively in place of them." Hence, according to the trial court's rationale, revocation proceedings are specifically excluded from IAPA under § 17A.1(2).

We pass the point that under § 663A.2, IAPA cannot be considered "formerly available" since it came later. Section 663A.2 makes UPPA exclusive as to former remedies for challenging "the conviction and sentence." Frazee is not challenging her conviction and sentence but rather, the subsequent parole revocation.

We hold that parole revocation proceedings by the Board constitute contested case proceedings.

*Parole Revocation as Agency Action.*
Section 17A.19 of IAPA provides that judicial review under that Act is the mode by which a person may seek judicial review of "agency action." In addition, § 17A.1(2) provides that IAPA applies to judicial review of agency action that is not specifically excluded—and this action is not excluded. Section 17A.2(9) provides that agency action includes an "order" or "decision" of an agency. Manifestly a parole revocation by the Board is an order or decision and therefore constitutes agency action.

We conclude that the Board is an agency within IAPA, that the Board's parole revocation proceedings are contested case proceedings under the Act, that a parole revocation is agency action under the Act, that judicial review under the Act is appropriate for review of such proceedings, and that the trial court therefore erred in sustaining the motion to dismiss.

The Board points to several claimed procedural advantages to both parties by proceeding under UPPA. This however is a policy consideration to be addressed to the legislative branch.

REVERSED.