Allen LANGLEY, Appellant,

v.

David SCURR, Appellee.

No. 63928.

Supreme Court of Iowa.

May 13, 1981.

C. J. Krogmeier, of Deitchler, Thomas, Saunders, Krogmeier, Humphrey & Johnson, Fort Madison, for appellant.

Thomas J. Miller, Atty. Gen., John G. Black, Sp. Asst. Atty. Gen., and Bruce C. McDonald, Asst. Atty. Gen., for appellee.

Considered by REYNOLDSON, C. J., and UHLENHOPP, HARRIS, McGIVERIN, and LARSON, JJ.

HARRIS, Justice.

Plaintiff, a prisoner at the Iowa penitentiary, brought this suit to challenge what he believes were procedural deficiencies in a prison disciplinary proceeding. He advances alternative arguments. In one he suggests that such proceedings are contemplated within the Iowa administrative procedure act [IAPA] and, hence, it was improper to deny him the procedures provided by the act. He also urges that the same procedural rights accrue to him under the due process clauses in the state and federal constitutions. We agree with the trial court in rejecting both contentions.

On April 7, 1979, Langley was reported for participation earlier the same day in a fracas at the prison hospital. He was immediately notified of the report and placed

in summary segregation. Summary segregation is a mechanism for isolating inmates in emergency situations without a prior hearing. The status is reviewed within 48 hours.

Langley was thus segregated until April 11 when the report was heard before a prison disciplinary committee composed of the prison security director and an assistant. The disciplinary committee functions under the institution's policy and procedural guidelines. They give the security director authority to designate the disciplinary committee. The security director testified that the committees are more or less permanent and hear disciplinary reports on certain days; there are no specific appointments made for individual cases. Except for his official status the director seems not to have been involved in any way in Langley's case prior to the hearing. The other member of the committee, an assistant director, had participated in investigating the case prior to sitting as a member of the committee.

The hearing lasted only a few minutes. It was not reported. There was no stenographic record or tape recording. Neither were there any notes made or preserved. Langley did not have an attorney. The policy and guidelines provide there is no right to retain appointed counsel but prisoners are provided assistance from staff when needed or when the issue is sufficiently complex.

The department of criminal investigation assisted in investigating the fracas. An officer questioned Langley but did not testify at the hearing. Langley did not request witnesses prior to or during the hearing. No witnesses were called to testify in behalf of Langley and no reasons were given by the disciplinary committee for not calling witnesses. In imposing the punishment the hearing officer stated: "Reason for Decision: based upon officers' disciplinary report, Langley # 204046 admits he threw a stool and was involved in a disturbance at the hosp. (215) first aid room." Langley was ordered to serve ten days solitary confinement, was placed in indefinite administrative segregation with reviews at 30 day intervals, suffered loss of privileges and loss of ten months plus 20 days honor time as well as 16 days good time.

Langley appealed the decision of the hearing committee to the warden and exhausted all administrative appeal procedures before commencing this habeas corpus action.

■ I. Langley argues that the IAPA, chapter 17A, The Code 1981, should govern prison disciplinary proceedings. If the act did apply Langley could complain that certain hearing requirements of the act were not provided in his disciplinary hearing. For example the notice Langley received may not have complied with notice requirements for contested cases under section 17A.12. Certainly there was no record made and preserved here to the extent required for administrative records under section 17A.12(6). Other examples could be cited.

The defendant prison warden responds, we think rightly, that chapter 17A has no application to prison disciplinary proceedings. Contested cases contemplated by the act are defined as follows:

> . . . a proceeding including but not restricted to ratemaking, price fixing, and licensing in which the legal rights, duties or privileges of a party are required by Constitution or statute to be determined by an agency after an opportunity for an evidentiary hearing.

§ 17A.2(2). For reasons which will be explained in the following division we do not believe there is a constitutional requirement for an "evidentiary hearing" in disciplinary proceedings. Neither do we believe there is a statutory requirement. We think the legislature did not include prison disciplinary committees within the definition of agencies under section 17A.2(1). Since disciplinary proceedings are required neither by constitution nor statute they are not covered by the IAPA. This is the view taken by the federal courts in connection with the federal act, 5 U.S.C.S. § 551 et seq. *See* Annot., 39 A.L.R.Fed. 808 (1978). *See also Reed v. Parrott*, 301 N.W.2d 343, 345 (Neb. 1981).

II. In *Fichtner v. Iowa State Penitentiary*, 285 N.W.2d 751 (Iowa 1979), we applied the principles set out in *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). In challenges of this kind it is necessary to balance the needs of a penal institution facing numerous disciplinary problems with the fundamental rights of prisoners. 285 N.W.2d at 756–59. It is unnecessary to repeat here what was said of that balancing process in *Fichtner*. It is enough now to say that no extensive or formal hearing is required. It is of course required that the tribunal be sufficiently impartial but the tribunal need not be recruited from outside the institution. There is certainly no requirement that the institution set up for processing disciplinary matters another court system to function within the institution. As noted in *Wolff* "prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." 418 U.S. at 556, 94 S.Ct. at 2975, 41 L.Ed.2d at 951.

Langley complains of the institution's failure to call witnesses in his behalf. The trial court made specific findings of fact that Langley made no request for witnesses. We agree with the findings. Langley next complains of the composition of the disciplinary committee because of their work as security officers in the institution. There is however no indication of personal prejudice. Neither officer is shown to have formed a prior opinion on the subject of the hearing. Langley's complaint of them could, to some extent, be levied against any other prison official.

Langley further complains of the lack of a transcript or permanent record of the hearing. But there is really no dispute over what happened during the fracas or of Langley's part in it. In his participation he picked up and threw a metal stool which grazed a prison official. Langley admitted ·in district court that he picked up the stool and swung it at a guard. Under these circumstances the lack of more formal or extensive notes does not rise to a due process violation.

Langley mentions his lack of ability to prepare a defense. As previously noted the prison rules say that such assistance will be provided where it is needed or where complexity of the issues makes it unlikely the prisoner will be able to prepare his defense. Langley concedes there is no requirement that he be provided with counsel but says he was unable to interview or line up witnesses because he was in segregation from the time of the fracas until the hearing. Again there is no indication that Langley requested the assistance of the staff in preparing his defense. The trial court found Langley was not illiterate and was not faced with complex issues. Since he did not request any assistance he cannot complain now that it was not given him.

Taken individually or collectively we find no merit in Langley's complaints. We find that the challenged disciplinary proceedings satisfied all due process requirements under *Wolff* and *Fichtner*.

AFFIRMED.