**Richard A. DOUGHERTY, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 67339.

Supreme Court of Iowa.

Aug. 25, 1982.

Mark H. Rettig of Hines, Pence, Day & Powers, Cedar Rapids, for appellant.

Thomas J. Miller, Atty. Gen., Mary Jane Blink, Asst. Atty. Gen., and Eugene J. Kopecky, Linn County Atty., for appellee.

Considered by REYNOLDSON, C. J., and HARRIS, McCORMICK, SCHULTZ and LARSON, JJ.

McCORMICK, Justice.

The question here is whether a revocation of a Code chapter 247A work release can be challenged by a postconviction action under chapter 663A. The postconviction court sustained the State's motion to dismiss Richard A. Dougherty's application for postconviction relief on the ground the Iowa Administrative Procedure Act (IAPA) provides the exclusive method for attacking the revocation. We affirm.

A related question was presented in *Frazee v. Iowa Board of Parole*, 248 N.W.2d 80 (Iowa 1976). In that case this court held that the judicial review provisions of section 17A.19 apply to parole revocations by the board of parole. *Id.* at 83. The court was not required to decide whether the

IAPA provided the exclusive means of review. The method of analysis and conclusion in *Frazee* are equally applicable here.

■ Chapter 247A establishes a work release program to be administered by the department of social services. A committee named by the department acts on work release applications. §§ 247A.3, .4. The statute also provides: "Approval may be revoked for any reason by the superintendent or executive officer [of the institution] or by the committee at any time after being granted." § 247A.4. Revocation thus occurs through "agency action" within the meaning of the IAPA. § 17A.2(1), (9); *Frazee*, 248 N.W.2d at 82–83. The statute does not provide for a contested case proceeding. Because the work release committee is established by statute, it differs from the prison disciplinary committee involved in *Langley v. Scurr*, 305 N.W.2d 418 (Iowa 1981), where this difference was the basis of the court's holding that prison disciplinary proceedings are not covered by the IAPA. The holding in *Allen v. State*, 217 N.W.2d 528 (Iowa 1974), is also inapposite because it preceded the effective date of the IAPA. Moreover, that holding has been affected by a statutory change. *See* 1981 Session, 69th G.A., ch. 198. Using the *Frazee* framework for analysis, we find that the IAPA applies to chapter 247A work release revocations.

This case requires that we answer the question reserved in *Frazee*. We must decide whether the IAPA provides the exclusive means of review. The applicant contends chapter 663A is available, and the State contends habeas corpus is the only way to challenge the revocation. The answer is in the language of the IAPA. By its terms, the judicial review provisions of the IAPA are "the exclusive means by which a person or party who is aggrieved or adversely affected by agency action may seek judicial review of agency action" except as expressly provided otherwise by another statute referring to chapter 17A by name. § 17A.19; *Salsbury Laboratories v. Iowa Department of Environmental Quality*, 276 N.W.2d 830, 833 (Iowa 1979). Neither chapter 663, covering habeas corpus, or chapter 663A, governing postconviction actions, expressly negates applicability of the IAPA. Therefore section 17A.19 provides the exclusive means for challenging a chapter 247A work release revocation. Because it provides an equivalent substitute, it does not abridge the right to habeas corpus. *See McElhaney v. Auger*, 238 N.W.2d 797, 799 (Iowa 1976).

■ Dougherty was denied leave to amend his application to have the court treat it as a petition for judicial review under section 17A.19, in part because the postconviction court believed the amendment would circumvent the procedural requirements of section 17A.19. We have discussed those requirements in other cases. *See, e.g., Dawson v. Iowa Merit Employment Commission*, 303 N.W.2d 158 (Iowa 1981). For example, because this action was commenced before July 1, 1981, the mailing requirement in section 17A.19(2) was jurisdictional. *Id.* at 160. Dougherty did not show he had complied with the procedural requirements of section 17A.19, and therefore the court did not err in refusing to consider the action as a petition for judicial review. The difference was not merely one of labeling as in *Salsbury Laboratories*. *See* 276 N.W.2d at 835. The timeliness of a subsequent petition for judicial review is subject to this court's holding in *Oliver v. Teleprompter Corp.*, 299 N.W.2d 683 (Iowa 1980).

We hold that the postconviction court did not err in dismissing the chapter 663A action.

AFFIRMED.