**Michael A. HEATH, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 84–959.

Supreme Court of Iowa.

July 31, 1985.

Charles L. Harrington, Appellate Defender, and John P. Messina, Asst. Appellate Defender, for appellant.

Thomas J. Miller, Atty. Gen., Pamela S. Greenman, Asst. Atty. Gen., and Denver D. Dillard, County Atty., for appellee.

Considered by UHLENHOPP, P.J., and HARRIS, McCORMICK, McGIVERIN, and WOLLE, JJ.

UHLENHOPP, Justice.

This postconviction proceeding involves the propriety of challenging an administrative revocation of a parole by a postconviction proceeding.

The Board of Parole revoked the parole of applicant Michael A. Heath on March 8, 1984. Heath applied for postconviction relief on March 28, 1984. On April 2, 1984, the district court appointed an attorney to represent him. On April 5, 1984, the State moved to dismiss Heath's application on the ground that judicial review under the Iowa Administrative Procedure Act is the exclusive remedy. This is the correct conclusion to be drawn from our decisions in *Frazee v. Board of Parole*, 248 N.W.2d 80 (Iowa 1976), and *Dougherty v. State*, 323 N.W.2d 249 (Iowa 1982). Heath's attorney did not give notice of appeal under the administrative procedure act from the board's revocation, although thirty days had not yet elapsed at the time, but instead filed a resistance to the motion to dismiss. The district court sustained the motion, and Heath appealed.

I. In his appeal Heath argues that he did not receive effective representation by counsel when his attorney did not recognize that postconviction proceedings are unavailable, especially when the State's mo-

tion pointed out the flaw and his attorney still had time to file notice of appeal under the administrative procedure act.

■ We think Heath's argument has merit. The United States Court of Appeals for this circuit has held that an attorney's failure to perfect an appeal can constitute ineffective assistance of counsel. *Blanchard v. Brewer*, 429 F.2d 89, 91 (8th Cir. 1970), *cert. denied* 401 U.S. 1002, 91 S.Ct. 1224, 28 L.Ed.2d 535 (1971) ("while Iowa engaged in no *affirmative* misconduct to deny appellee his appeal rights, it took prompt advantage of the appellee's attorney's minor procedural mistake by summarily dismissing the appeal, even though its representatives were well aware of the notice of appeal and it was in no way prejudiced, harmed or delayed by the omission to serve such notice"). The present proceeding is not an appeal from a conviction itself, but a significant liberty interest is at stake in parole revocations. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *see also Evitts v. Lucey*, 469 U.S. ——, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). By analogy to *Blanchard*, we hold that the district court on remand should treat the proceeding as an appeal under the administrative procedure act and proceed with it accordingly.

Part of Heath's predicament arises from his attorney's failure to follow *Dougherty* and part arises from a conflict between two Iowa statutes. We invite the attention of the General Assembly to the conflict in the statutes, as the present problem may arise in future cases. The postconviction act purports to make that remedy available to a person "who has been convicted of, or sentenced for, a public offense and who claims that ... *[h]is ... parole ... has been unlawfully revoked*...." Iowa Code § 663A.2(5) (1983) (emphasis added). On the other hand, the administrative procedure act provides that it shall be construed "to apply to all covered agency proceedings and all agency action not expressly exempted by this chapter or by another statute *specifically referring to this chapter by name*." *Id.* § 17A.23 (emphasis added).

Section 663A.2(5) does not refer to chapter 17A by name. As stated in Bonfield, The Iowa Administrative Procedure Act, 60 Iowa L.Rev. 731, 756–57 (1975) (citations omitted):

> For the same reasons as those noted above, section 1(2) similarly asserts that the IAPA
>
> > is meant to apply to *all* rule-making and contested case proceedings and *all* suits for the judicial review of agency action that are not *specifically* excluded from this Act or some portion thereof by its *express* terms or by the *express* terms of another Act.
>
> This thought is echoed in section 23 by the statement that except for proceedings in process on the effective date of the Act, "this Act shall be construed to apply to *all* covered agency proceedings and *all* agency action not *expressly* exempted by this Act or by another statute...." Consequently, if the IAPA addresses itself to a certain administrative function, an exemption for any exercise of that function can be grounded only on "express" language of another statute *referring to the IAPA by name* that "specifically" excludes that particular agency action.

(Latter emphasis added.)

II. The State's motion asserting mootness, submitted with the appeal, is denied. *Mercy Health Center v. Iowa State Department of Health*, 356 N.W.2d 200, 203 (Iowa 1984).

REVERSED AND REMANDED.