**William LOCKRAY, Appellant,**

v.

**STATE of Iowa, Appellee.**

**No. 91–1001.**

Supreme Court of Iowa.

Feb. 17, 1993.

Philip B. Mears of Mears Law Office, Iowa City, for appellant.

Bonnie J. Campbell, Atty. Gen., and Kristin W. Ensign, Asst. Atty. Gen., for appellee.

Considered by HARRIS, P.J., and SCHULTZ, CARTER, LAVORATO, and SNELL, JJ.

CARTER, Justice.

Postconviction applicant, William Lockray, appeals from the district court's order dismissing his postconviction relief action on the basis that it was not brought within the ninety-day period prescribed by Iowa Code section 663A.3 (1989). He asserts that his application was not barred because he is entitled to seek relief under the Iowa Administrative Procedure Act (Iowa Code ch. 17A) as an alternative to postconviction relief available under Iowa Code section 663A.2(6). He also asserts that if the applicable statutes are not interpreted in this manner his right to equal protection of the law under the Fourteenth Amendment to the federal Constitution has been violated. We disagree with both of these contentions and affirm the judgment of the district court.

While in the Men's Reformatory in Anamosa, the applicant was found guilty of three rules violations. A prison disciplinary case imposed discipline consisting of fifteen days of solitary confinement, administrative detention for a minimum of thirty days, and forfeiture of sixteen days of honor time sentence reduction. The applicant exhausted his administrative appeals without success.

Applicant applied for postconviction relief under chapter 663A, nearly two years after his administrative appeals were exhausted. His application stated that it was filed under either that chapter or Iowa Code chapter 663. Later, he amended his pleading to include an alternative claim for relief under Iowa Code chapter 17A. The district court found and concluded that the applicant's right to challenge the discipline imposed by the prison disciplinary committee was exclusively provided by chapter 663A. Because the action was not commenced within the ninety-day period specified in section 663A.3, the district court dismissed the proceeding.

Applicant does not contend that his right to postconviction relief under chapter 663A is not barred by section 663A.3. In addition, he no longer relies on a right to relief under chapter 663. He contends, however, that he did have an alternative right to seek review of the prison disciplinary committee's actions under Iowa Code section 17A.19. That argument is untenable unless we elect to overrule our decision in *Langley v. Scurr*, 305 N.W.2d 418 (Iowa 1981).

In *Langley*, we determined that "the legislature did not include prison disciplinary committees within the definition of agencies under section 17A.2(1)." *Id.* at 419. Were we disposed to now reject the interpretation approved in *Langley* on the merits, which we are not, this would create considerable tension with the principle that issues of statutory interpretation settled by the courts and not disturbed by the legislature over a period of time have become tacitly accepted by the legislative branch.

**756**

See *Cover v. Craemer,* 258 Iowa 29, 34–35, 137 N.W.2d 595, 599 (1965). This principle is particularly applicable to the present situation.

As the applicant has noted, there is no general statute of limitations for commencing petitions for review of agency action under section 17A.19. This is because the applicable periods of limitation for review of agency action have been established in legislation or regulations governing the actions of the various agencies. In view of our *Langley* decision, the legislature, in adopting the ninety-day statute of limitations provided in section 663A.3, had to believe it was dealing with the only type of challenge to prison disciplinary proceedings that was available. Based on this state of the law, the legislature would have had no occasion to adopt a statute of limitations for review of prison disciplinary proceedings under chapter 17A. To overrule *Langley* at the present time would, we believe, frustrate the legislative intent to establish a time within which challenges of this type must be initiated.

We also reject the applicant's contention that our interpretation of these statutes constitutes a denial of equal protection. He asserts that "[e]verybody else challenging state agency action in a noncontested case can bring their complaint any time. Only prisoners who challenge prison disciplinary action are required to bring their challenge within ninety days." As we have previously noted, this contention is not correct. Time limitations for bringing challenges to agency action are disbursed throughout the Code and applicable administrative regulations. More significantly, perhaps, we have consistently recognized that the equal protection clause is not violated if the challenged law operates equally upon those persons or classes of persons intended to be affected by the legislative or judge-made rule in similar situations. *Allied Mut. Ins. Co. v. State,* 473 N.W.2d 24, 27 (Iowa 1991); *State ex rel. Hamilton v. Snodgrass,* 325 N.W.2d 740, 744 (Iowa 1982); *City of Waterloo v. Selden,* 251 N.W.2d 506, 509 (Iowa 1977). We believe that is the situation here.

We have considered all arguments presented and conclude that the judgment of the district court should be affirmed.

AFFIRMED.