Craig Allen SCOTT, Appellant,

v.

STATE of Iowa, Appellee.

No. 93–329.

Court of Appeals of Iowa.

March 24, 1994.

Philip B. Mears of the Mears Law Office, Iowa City, for appellant.

Bonnie J. Campbell, Atty. Gen., and Layne M. Lindebak, Asst. Atty. Gen., for appellee.

Considered by HAYDEN, P.J., SACKETT, J., and SCHLEGEL, Senior Judge.*

HAYDEN, Presiding Judge.

Craig Scott and Michael Riley are inmates at the Mt. Pleasant Correctional Facility. On September 27, 1991, security officers caught the two inmates on the roof of the facility. Following a hearing, the prison disciplinary committee found Riley and Scott

\* Senior judge from the Iowa Court of Appeals

guilty of numerous violations of prison rules, including escape and attempt or complicity. The disciplinary committee sanctioned Scott with 30 days of disciplinary detention and 365 days of administrative segregation. The disciplinary committee recommended a loss of all good time earned to that date and a transfer to a maximum security facility.

Scott appealed the decision, contending the loss of good time earned was "extremely harsh." The deputy superintendent at the correctional facility affirmed the decision, indicating the administrative law judge (ALJ) was acting pursuant to disciplinary and department of corrections guidelines. The deputy superintendent stated the amount of good conduct time which was being recommended for forfeiture was 916 days. Scott appealed to the director of corrections. The deputy director denied his appeal.

The deputy director later requested corrective action be taken in order that the ALJ specify the amount of good conduct time to be forfeited by the inmate. Upon the receipt of the memorandum regarding the exact amount of good conduct time to be forfeited by Scott, the ALJ who presided over the initial hearing scheduled a rehearing. The ALJ recommended Scott lose 916 days of good conduct time. Following exhaustion of his administrative appeals, Scott filed the present action for postconviction relief. On February 3, 1993, the district court denied the application. Scott filed an appeal on February 26, 1993.

Scott complains the department of corrections failed to establish any guidelines to control the ALJ's decision making regarding the amount of good conduct time to be forfeited by an inmate. Scott contends the punishment imposed by the ALJ was arbitrary and capricious because there were no guidelines for the ALJ to follow in determining the amount of good conduct time to be forfeited. Scott requests this court remand this case to the department of corrections so the department can promulgate rules concerning the ALJ's ability to take away good conduct time.

serving by order of the Iowa Supreme Court.

On March 12, 1993, the State filed a motion to dismiss the present case based on Scott's failure to follow correct procedure. The State contends Scott erred in failing to challenge the disciplinary committee's decision by filing a petition for writ of certiorari. The State claims that since the decision in *Shortridge v. State*, 478 N.W.2d 613 (Iowa 1991), and the 1992 statutory changes now codified in Iowa Code section 822.9 (1993), any party challenging a prison disciplinary action must do so by writ of certiorari. The State contends Scott no longer has a right to direct appeal from his adverse disciplinary ruling because of the recent statutory amendment. Our supreme court ruled the motion to dismiss was to be submitted with this appeal.

I. *Motion to Dismiss.* The State argues Scott's challenge to the prison disciplinary actions in a postconviction proceeding is improper. The State contends Iowa Code section 822.9 (1993) requires such an action be brought by a writ of certiorari.

Section 822.9 provides:

An appeal from a final judgment entered under this chapter may be taken, perfected, and prosecuted either by the applicant or by the state in the manner and within the time after judgment as provided in the rules of appellate procedure for appeals from final judgments in criminal cases. *However, if a party is seeking an appeal under section 822.2, subsection 6 [from a disciplinary ruling resulting in a loss of good conduct time], the appeal shall be by writ of certiorari.*

Iowa Code § 822.9 (1993) (emphasis added); *see* 1992 Iowa Acts ch. 1212, § 38.

We review the legislative history of Iowa Code section 822.9 (1993). The section was previously located in chapter 663A of the 1991 code, specifically section 663A.9.[1] Prior to July 1, 1990, a postconviction applicant and the State had a direct right of appeal from an adverse prison disciplinary ruling. *See* Iowa Code § 663A.9 (1989). On July 1, 1990, an amendment to this code section became effective. 1990 Iowa Acts ch. 1043. The amendment, codified at Iowa Code section 663A.9 (1991), abrogated an applicant's direct right of appeal and instead permitted an appeal by writ of certiorari. *See* Iowa Code § 663A.9 (1991). The amendment provided, in part:

[I]f the *applicant* is seeking an appeal under section 663A.2, subsection 6 [loss of good conduct time credit], the appeal shall be by writ of certiorari.

1992 Iowa Acts ch. 1043 (emphasis added).

In *Shortridge v. State*, the Iowa Supreme Court struck down this legislative amendment to the postconviction statute, declaring the amendment to be unconstitutional. *Shortridge v. State*, 478 N.W.2d 613, 615 (Iowa 1991). *Shortridge* was filed on December 24, 1991. *Id.* at 613. The court held the amendment violated the equal protection rights of inmates because the amendment failed to similarly limit the State's right of direct appeal. *Id.* at 615. The court held: "as long as the State is still afforded a right of direct appeal from prison disciplinary decisions, that right must extend to prisoners as well. Any amendment to this statutory scheme must be reciprocal in its application." *Id.* Our supreme court recently stated the impact of the *Shortridge* decision: "The case did not merely clarify the language of section 663A.9; *Shortridge* resulted in a return to the right of direct appeal for postconviction applicants appealing from adverse prison disciplinary rulings." *Giles v. State*, 511 N.W.2d 622, 625 (Iowa 1994) (citing *LuGrain v. State*, 479 N.W.2d 312, 314–15 (Iowa 1991)).

On May 19, 1992, legislation was approved which changed the right of review from a direct appeal to petition by writ of certiorari. 1992 Iowa Acts 1212, § 38. Section 38 of Senate File 2097 used the words "a party" rather than "the applicant." *Id.* The 1992 amendment became effective on July 1, 1992, *see* Iowa Code § 3.7 (1991), and is now codified in section 822.9 of the 1993 version of the Iowa Code.

■ Section 822.9 applies in this case because it was in effect at the time the district court rendered its judgment on February 3, 1993. The statutes controlling an appeal are

---

1. Chapter 663A was transferred to chapter 822 in the 1993 version of the Iowa Code.

those which were in effect at the time the judgment appealed from was rendered. *Giles*, 511 .N.W.2d at 624–25 (citing *James v. State*, 479 N.W.2d 287, 290 (Iowa 1991); *Ontjes v. McNider*, 224 Iowa 115, 118, 275 N.W. 328, 330 (1937)). If no other factor existed to impede the application of the amended statute, Scott would be required to proceed by filing a petition for writ of certiorari. *See id.*

In his resistance to the motion to dismiss, however, Scott contends Senate File 2097 violates the single subject and title requirements of article III, section 29 of the Iowa Constitution. This same challenge was raised in *Giles v. State*. The supreme court found the amendment violated the single subject and title requirements; however, it stated any constitutional defect was eliminated because the amendment had been codified in Iowa Code section 822.9 (1993). The court determined Giles was entitled to proceed by direct appeal rather than writ of certiorari because his challenge was raised prior to codification of section 822.9.[2] *Giles*, 511 N.W.2d at 625–26. The supreme court, however, provided no definition, explanation, instruction, or further indication of when "codification" of section 822.9 occurred. In the absence of such guidance we are unable to apply *Giles* to this case in determining whether Scott may proceed by direct appeal.

Another supreme court decision provides little guidance on determining the time at which new legislation is codified. In *State v. Mabry* the supreme court recognized a period of time exists from the date legislation is passed until such legislation is codified during which new legislation may be challenged as violative of article III, section 29 of the Iowa Constitution. *State v. Mabry*, 460 N.W.2d 472, 475 (Iowa 1990). The court, however, did not specifically define the time at which legislation becomes codified. It only cited Iowa Code section 14.15 as the statute governing codification of new legislation. The section provides, in part:

A new Code or its supplements shall be issued as soon as possible after the final adjournment of the second regular session of the general assembly.

The substance of this section is now codified in section 2B.12(1) of the 1993 version of the Iowa Code.[3] The supreme court makes no reference to this section in *Giles*.

■ Neither case law nor statutory law provide us with a specific time at which codification of new legislation occurs.[4] Therefore we rely on other clearly established precedent in determining the form—direct appeal or writ of certiorari—in which Scott is required to raise his challenge. The following rule and cases allow us to consider Scott's appeal as a petition for writ of certiorari. Iowa Rule of Appellate Procedure 304 provides:

If any case is brought by appeal, certiorari, or discretionary review, and the appellate court is of the opinion that another of these remedies was the proper one, the case shall not be dismissed, but shall proceed as though the proper form of review had been sought. Any one of the foregoing remedies *may* under this rule be treated by the appellate court as the one it deems appropriate.

Iowa R.App.P. 304; *see Backstrom v. Iowa Dist. Court*, 508 N.W.2d 705, 707 (Iowa 1993); *Shannon v. Hansen*, 469 N.W.2d 412, 414 (Iowa 1991); *Bush v. Iowa Dist. Court*, 369 N.W.2d 424, 425 (Iowa 1985). The filing of an appeal rather than petitioning for a writ of certiorari is not necessarily fatal to our review. *Giles*, 511 N.W.2d at 624–25. Un-

2. In *Giles* the district court denied the inmate's application for postconviction relief in October 1992.

3. Iowa Code section 2B.12(1) provides:
   A new Iowa Code shall be issued as soon as possible after the final adjournment of the second regular session of the general assembly. A new Code Supplement shall be issued as soon as possible after the first regular session of the general assembly. A Code Supplement may be issued after a special session of the general assembly or as required by the legislative council.

4. Iowa Code section 2B.13(7) provides: "The effective date of all editorial changes in an edition of the Iowa Code or a Code Supplement is the date the legislative council approves the selling price for that publication." Upon inquiry to the Iowa Code Editor it is noted the selling price of the 1993 Iowa Code was approved on December 17, 1992.

der Iowa Rule of Appellate Procedure 304 we treat the notice filed by Scott to be, as it should have been pursuant to section 822.9, a petition for the issuance of a writ of certiorari.

■ Certiorari is a procedure to test whether a lower board, tribunal, or court exceeded its proper jurisdiction or otherwise acted illegally. Iowa R.Civ.P. 306. It is an action at law; our review is not de novo. *Backstrom,* 508 N.W.2d at 707 (citation omitted). When the action alleges violations of basic constitutional safeguards, however, we make our own evaluation of the facts from the totality of the circumstances. *Id.* (citation omitted).

■ II. *Appeal under Iowa Administrative Procedure Act.* In his resistance to the State's motion to dismiss Scott argues he has a right of appeal pursuant to Iowa Code chapter 17A. We disagree. The Iowa Supreme Court has held an inmate does not have an alternative right to challenge a prison disciplinary committee's actions under the Iowa Administrative Act. *Lockray v. State,* 495 N.W.2d 754, 756 (Iowa 1993); *see Langley v. Scurr,* 305 N.W.2d 418 (Iowa 1981); *see also* Iowa Code § 903A.3(4) (1991).

■ III. *Time of Disciplinary Actions.* Scott contends section 822.9 should not apply to disciplinary actions that occurred prior to July 1, 1992. We find no merit in this argument. The defendant in *Giles* raised the same issue. *Giles,* 511 N.W.2d at 624–25. The Iowa Supreme Court concluded the section applied. *Id.* We apply the reasoning used in *Giles* to this case. The amendment was in effect on February 3, 1993, when the district court denied Scott's application for postconviction relief. The general rule is statutes controlling appeals are those in effect at the time the judgment appealed from was entered. *Id.* (citing *James,* 479 N.W.2d at 290; *Ontjes,* 224 Iowa at 118, 275 N.W. at 330).

■ IV. *Equal Protection.* In his resistance to the State's motion to dismiss Scott argues the limitation on a right of appeal in the 1992 amendment to section 822.9 violates his right to equal protection.

In *Shortridge* the Iowa Supreme Court noted the probable reasoning behind the legislature's 1990 amendment to the postconviction relief statute:

We are certainly mindful of the rationale underlying the legislature's apparent attempt to stem the flow of direct appeals in prison disciplinary cases. The appeals are numerous and repetitious, often involving complaints over trivial matters with little legal significance to the prison population at large. Endless avenues of appeal arguably demean the authority of correction officials to control behavior within the prisons. Moreover, the penalties being challenged are frequently less severe than those suffered by ordinary citizens for simple misdemeanors. Yet simple misdemeanor convictions are subject to discretionary review, not direct appeal. Iowa Code § 814.6(2)(d). Treating prison disciplinary decisions the same way would allow this court to conserve scarce judicial resources by granting certiorari in only those cases raising important questions of law related to prison discipline.

*Shortridge,* 478 N.W.2d at 615. The court, however, struck down the 1990 amendment because it limited only "an applicant's" right to appeal and failed to similarly limit the State's right. *Id.* The 1992 legislative amendment, however, limits the right of "a party" to appeal a prison disciplinary ruling. 1992 Iowa Acts ch. 1212, § 38 (codified at Iowa Code § 822.9 (1993)). The 1992 amendment does not create two classes of appellants—one with a right of direct appeal and one without. *Cf. Shortridge,* 478 N.W.2d at 615 (the 1990 amendment created two classes of appellants). Prisoners and the State have equal roles insofar as an appeal from adverse prison disciplinary actions are concerned. We find no violation of Scott's equal protection rights.

■ V. *Loss of Good Conduct Time.* Scott claims the ALJ's decision was arbitrary and violated statutorily mandated rule requirements. Scott argues the department of corrections failed to provide guidance to the ALJ with regard to determining punishment.

The applicable statutes regarding the forfeiture of an inmate's good conduct time are

located in chapter 903A of the Iowa Code. Iowa Code section 903A.3(1) provides:

> Upon finding that an inmate has violated an institutional rule, the independent administrative law judge may order forfeiture of *any or all* good conduct time earned and not forfeited up to the date of the violation by the inmate. The independent administrative law judge has discretion within the guidelines established pursuant to section 903A.4, to determine the amount of time that should be forfeited based upon the severity of the violation. Prior violations by the inmate may be considered by the administrative law judge in the decision.

Iowa Code § 903A.3(1) (1991) (emphasis added). Section 903A.4 states, in part:

> The director of the Iowa department of corrections shall develop policy and procedural rules to implement section 903A.1 through 903A.3. *The rules may specify disciplinary offenses which may result in the loss of good conduct time, and the amount of good conduct time which may be lost as a result of each disciplinary offense.*

Iowa Code § 903A.4 (1991) (emphasis added). Scott argues this section requires the department of corrections to establish guidelines to control the discretion of the ALJ. We disagree. The language in section 903A.4 is not mandatory.

The district court noted the State of Iowa, Department of Corrections' Disciplinary policy and procedures guidelines on inmate activity provided in section I(C)(2)(b): "In cases of escape, attempted escape, and serious or dangerous violence, the Administrative Law Judge may recommend a loss of any or all accumulated good conduct time. Such recommendations shall be subject to review by the Director of the Division of the Institutions."

The district court properly concluded the recommendation of a loss of 916 days of good conduct time is well within the departmental regulations and discretion of the ALJ. We annul the writ of certiorari.

Costs of this appeal are assessed to Scott.

**WRIT ANNULLED.**