Kenneth KISTNER, Appellee,

v.

**STATE of Iowa, Appellant.**

No. 95–1106.

Supreme Court of Iowa.

April 17, 1996.

Rehearing Denied May 23, 1996.

Thomas J. Miller, Attorney General, and Kristin W. Ensign, Assistant Attorney General, for appellant.

Kelly Phipps of the Mears Law Office, Iowa City, for appellee.

Considered by HARRIS, P.J., and LARSON, LAVORATO, NEUMAN, and SNELL, JJ.

SNELL, Justice.

In November 1993, Kenneth Kistner, an inmate at Luster Heights, a minimum security prison that is a division of the Iowa Men's Reformatory (IMR), was apprehended while attempting to escape. Following the escape attempt, Kistner was transferred to Iowa Medical Classification Center (IMCC) and placed on disciplinary report. He was cited for the following rule violations: escape, disobeying a lawful order, unauthorized absence, obstructive/disruptive conduct, and attempt or complicity.

The IMCC disciplinary committee, headed by Charles Daws, then set Kistner's penalty as a revocation of all his accumulated good time credit, consisting of 1130 days.

Kistner appealed this sentence to the Deputy Director for Institutions at the Department of Corrections arguing the penalty was unfair and unconstitutional. The deputy director modified the penalty, reducing it from 1130 days forfeited time credit to 500 days.

Kistner filed a postconviction relief action alleging the penalty should be reduced from 500 days time to 365 days. A 365 day penalty, he argued, would have been applied had the proceedings taken place at Luster Heights. The Iowa district court granted his petition and ruled he should be restored 135 days good conduct time—the difference between the 500 day sanction and the 365 day sanction.

The State appeals on the basis the sanction imposed by the deputy director was within the discretion allowed by department of corrections guidelines. Because we find this to be correct, we reverse the action of the district court in granting Kistner's petition for postconviction relief and reinstate the 500 day penalty imposed by the deputy director.

■ Because Kistner argues the sanction imposed is in violation of his constitutional rights, our review of this matter is de novo. *State v. Thomas*, 540 N.W.2d 658, 661 (Iowa 1995).

■ Kistner's argument for a reduction in the sanction given him is based on an erroneous understanding of our law. In *Fichtner v. Iowa State Penitentiary*, 285 N.W.2d 751, 752–53 (Iowa 1979), this court was faced with a situation in which several inmates violated various rules while being transferred from the IMR to the Iowa State Penitentiary (ISP). At this time, they were under the custody of IMR guards and IMR guards

wrote up the charges of their violations of IMR rules. Once the prisoners arrived at ISP, however, ISP officials conducted disciplinary proceedings and imposed sanctions under ISP rules. *Fichtner*, 285 N.W.2d at 755. In *Fichtner*, we explained that although ISP is within its authority in conducting the disciplinary proceedings and imposing sanctions, the Code requires that the inmates be punished according to the rules and penalties of the institution against which they have committed the offense. *Id.* at 755–56; *see* Iowa Code § 246.8 (1979). Because these prisoners were in the custody of IMR guards at the time of the infractions, the offenses were committed against IMR rules. Therefore, IMR sanctions were appropriate.

At his postconviction relief hearing, Kistner presented evidence that IMR routinely imposes a sanction of 365 days for violations of attempting escape. He argues under *Fichtner*, he should therefore be given a sanction of 365 days lost time as that is the sanction he would have received had the discipline been imposed by IMR.

Iowa Code section 903A.4 (1995) requires the department of corrections to develop rules establishing disciplinary offenses and the appropriate loss of good conduct time sanctions. Pursuant to this requirement, the department established policy IN–V–36, providing

> In cases of escape, attempted escape, and serious or dangerous violence, the Administrative Law Judge may recommend a loss of any or all accumulated good conduct time.

Furthermore, Iowa Code section 903A.3 provides

> upon finding that an inmate has violated an institutional rule, the independent administrative law judge may order forfeiture of *any or all* good conduct time earned. . . . The independent administrative law judge has discretion within the guidelines established . . . to determine the amount of time that should be forfeited based upon the severity of the violation.

(Emphasis added.) *See also Scott v. State,* 517 N.W.2d 718, 723 (Iowa App.1994) (holding a sanction imposed was well within the discretion of the ALJ).

Kistner's argument that the sanction of 500 days is inappropriate under *Fichtner* fails. He is correct in his assertion any disciplinary proceedings and sanctions imposed by IMCC must follow the guidelines of IMR, as that is the institution whose rules against which the offense of attempted escape was committed. Because the offense committed is one covered by policy IN–V–36, a policy covering individuals at all facilities, the sanction imposed at IMR or IMCC would be the same. His argument fails again in that IMR guidelines clearly establish discretion in the deputy director; a level of discretion into which a sanction of 500 days lost good time would clearly fall. There is no language in the policy requiring any specific sanction for any specific offense.

Because the actions of the deputy director in this case were supported by consideration of the facts of the case, we hold a sanction of 500 days lost good conduct time is soundly within the deputy director's discretion.

For these reasons, we reverse the decision of the district court and reinstate the sanction of 500 days imposed by the deputy director.

**REVERSED AND REMANDED.**