Steve WYCOFF, Plaintiff,

v.

**IOWA DISTRICT COURT FOR LEE COUNTY, Defendant.**

No. 96–1991.

Supreme Court of Iowa.

July 1, 1998.

Philip B. Mears of Mears Law Office, Iowa City, for plaintiff.

Thomas J. Miller, Attorney General, and William A. Hill, Assistant Attorney General, for defendant.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, SNELL, and ANDREASEN, JJ.

PER CURIAM.

Steve Wycoff appeals from a district court ruling which dismissed his petition for judicial review of a prison disciplinary action.

We have also granted Wycoff's petition for writ of certiorari, in which he challenges another district court ruling dismissing his application for postconviction relief concerning the same disciplinary matter. Wycoff contends that he was entitled to have the disciplinary action reviewed in district court, either through the postconviction relief procedures of Iowa Code chapter 822 (1995), or through the judicial review procedures of Iowa Code chapter 17A, also known as the Iowa Administrative Procedure Act (IAPA). He argues the district court erred by dismissing both claims. We affirm and annul the writ.

## I. *Background Facts and Proceedings.*

Wycoff is an inmate at the Iowa State Penitentiary serving a life sentence. In May of 1995, Wycoff was reported for violating several prison rules. Following a hearing, an administrative law judge (ALJ) found only one rule violation; Wycoff had certain unauthorized personal property in his cell. The offense was classified as a major violation. However, the ALJ found it was of a nonserious nature and assessed no punishment other than a reprimand. Wycoff requested that the violation be reclassified as a minor offense. The ALJ declined, and this decision was twice affirmed upon Wycoff's administrative appeals.

Wycoff filed a petition in district court, fashioned either as an application for postconviction relief under Iowa Code chapter 822, or alternatively, as a petition for judicial review under chapter 17A. Wycoff asserted the same claim in each instance, that the ALJ erred by not reducing the classification of his offense from a major to a minor violation.

The State moved for summary judgment on Wycoff's postconviction relief application. The State argued that since Wycoff received only a reprimand and did not lose any good and honor time, the disciplinary action did not involve a substantial deprivation of liberty or property interests, and thus Wycoff could not seek relief under chapter 822. The district court agreed and dismissed the claim for postconviction relief, but did not address the propriety of Wycoff's claim under the IAPA at that time. On the day of trial, the State argued Wycoff could not proceed on his remaining claim under chapter 17A because the IAPA does not apply to cases involving challenges to prison discipline. The district court agreed and dismissed the petition.

## II. *Postconviction Relief.*

In his certiorari action, Wycoff contends he was entitled to district court review of the disciplinary action through the postconviction relief procedures found in Iowa Code chapter 822. Certiorari is an action at law and our review is limited to determining whether the district court properly applied the law to the controversy before it. *City of Des Moines v. Iowa Dist. Ct.*, 428 N.W.2d 292, 296 (Iowa 1988). Issues of the jurisdiction and authority of the district court are also legal issues reviewed on error. *Holding v. Franklin County Zoning Bd. of Adjustment*, 565 N.W.2d 318, 320 (Iowa 1997).

The district court may review prison disciplinary proceedings through postconviction relief in two situations. *Tabor v. State*, 519 N.W.2d 378, 380 (Iowa 1994). The first situation exists where the discipline results in a reduction of an inmate's good and honor time. *Id.*; Iowa Code § 822.2(6) (1995). Wycoff concedes this did not occur here.

The second situation exists where the prison discipline results in a substantial deprivation of the inmate's liberty or property interests. *Tabor*, 519 N.W.2d at 380; *Davis v. State*, 345 N.W.2d 97, 99 (Iowa 1984). Wycoff contends a substantial deprivation occurred in his case. However, we have previously found that a reprimand, by itself, does not constitute a substantial deprivation of a liberty or property interest warranting district court review under chapter 822. *Tabor*, 519 N.W.2d at 380.

Wycoff argues the reprimand has additional consequences because his offense was classified as a major, rather than a minor, violation. The only specific detriment Wycoff singles out is the effect such a classification may have on certain transfers. We have previously suggested transfers do not involve atypical or significant hardships on inmates in relation to the ordinary incidents of prison

life. *Drennan v. Ault,* 567 N.W.2d 411, 414 (Iowa 1997). In any event, Wycoff does not assert that he has been transferred or otherwise subjected to a greater degree of confinement than previously enjoyed, such as an administrative segregation, *see Davis,* 345 N.W.2d at 98–99, or that any other punishment has been imposed. We conclude Wycoff has suffered no substantial deprivation of a liberty or property interest. Accordingly, the district court properly dismissed his postconviction relief claim.

### III. *Administrative Procedure Act.*

Wycoff alternatively argues that if he is unable to seek judicial review of the disciplinary action through postconviction relief procedures, he has a right to obtain judicial review under the IAPA. Our review of the ruling dismissing his petition is again for errors of law. *Holding,* 565 N.W.2d at 320.

In *Langley v. Scurr,* 305 N.W.2d 418, 419 (Iowa 1981), we indicated that the IAPA has no application to prison disciplinary proceedings. We reasoned that the legislature did not include prison disciplinary committees within the definition of agencies under Iowa Code section 17A.2(1). *Langley,* 305 N.W.2d at 419; *see also Lockray v. State,* 495 N.W.2d 754, 756 (Iowa 1993). We decline Wycoff's invitation to modify our conclusions in *Langley.*

When we first made postconviction relief proceedings available to inmates to allow for district court review of prison disciplinary action causing substantial deprivation of liberty or property interests, we reasoned that it would be "unwieldy to require separate actions and different procedures to review prison disciplinary proceedings depending on the type of punishment imposed." *Davis,* 345 N.W.2d at 99. The same rationale would militate against recognizing a right to judicial review under the IAPA when no substantial deprivation of liberty or property interests has occurred. We conclude the district court properly dismissed Wycoff's petition for judicial review under chapter 17A.

**AFFIRMED AND WRIT ANNULLED.**