# IN THE COURT OF APPEALS OF IOWA

No. 17-1253
Filed August 15, 2018

**ANDREAS BENFORD,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Jasper County, Bradley McCall, Judge.

Andreas Benford appeals the denial of his application for postconviction relief. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., and Vogel and Tabor, JJ.

**VOGEL, Judge.**

Andreas Benford appeals the denial of his application for postconviction relief (PCR). He argues the district court erred in finding he must pursue his claims through administrative action and he failed to exhaust his administrative remedies. We agree with the district court and affirm.

On July 13, 2009, Benford pleaded guilty to sexual abuse in the third degree and enticing away a minor. Iowa Code §§ 709.4(2)(c)(4), 710.10(2) (2009). That same day, the district court sentenced him to terms of imprisonment not to exceed ten years and five years respectively, run consecutively; ordered fines and surcharges, suspended, plus costs; and imposed a special sentence under Iowa Code section 903B.1. He did not directly appeal his conviction and sentence.

Benford filed his application for PCR on June 10, 2016.[1] The Iowa Board of Parole (Board) subsequently granted him parole in January 2017. The Board imposed several conditions on his parole, including a requirement to complete sex-offender treatment. Benford filed his amended application for PCR on June 12, 2017. Among the claims, he argued his conditions of parole were unconstitutional. The district court denied his application on July 28. Regarding the conditions of parole, the court found administrative appeals are the exclusive means to challenge the conditions of parole and Benford had failed to exhaust his administrative remedies.

---

[1] Also on June 10, 2016, Benford filed a motion for correction of an illegal sentence, claiming his special sentence was unconstitutional. The district court denied his motion, and we affirmed on appeal. *Benford v. Iowa Dist. Ct.*, No 17-0272, 2018 WL 1433123, at *2 (Iowa Ct. App. Mar. 21, 2018). He applied for further review of our decision on April 5.

Benford appeals. We review PCR proceedings for correction of errors at law. *Ruiz v. State*, 912 N.W.2d 435, 439 (Iowa 2018).

The district court found PCR "proceedings are not an appropriate forum to challenge conditions imposed upon parolees."[2] The Board is a state agency subject to Iowa Code chapter 17A. *Frazee v. Iowa Bd. of Parole*, 248 N.W.2d 80, 82 (Iowa 1976). As such, the judicial review provisions of chapter 17A are "the exclusive means by which a person . . . adversely affected by" the Board's decisions may seek judicial review of those decisions. Iowa Code § 17A.19 (2016). Our supreme court has permitted PCR review of a work-release revocation because such Board action may result in the claimant being unlawfully held in custody or restraint, which is an explicit ground for PCR. *Maghee v. State*, 773 N.W.2d 228, 238 (Iowa 2009). However, the mere imposition of parole conditions does not squarely qualify for any grounds for PCR. *See* Iowa Code § 822.2(1). Therefore, the district court did not err in finding Benford may not challenge his parole conditions in a PCR proceeding.

Even if Benford had filed for judicial review under chapter 17A, the district court found he "has failed to exhaust his administrative remedies related to his complaints regarding the parole conditions imposed upon him." *See Riley v. Boxa*,

---

[2] Benford claims the district court's decision only relied on subject matter jurisdiction, thus waiving any question of whether the court also had the authority to consider the merits of his claim. *See Klinge v. Bentien*, 725 N.W.2d 13, 15–16 (Iowa 2006) (distinguishing between "subject matter jurisdiction" and "authority"). However, the decision clearly shows the court considered and ruled on the appropriateness of his claim in a PCR proceeding. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) ("It is a fundamental doctrine of appellate review that issues must be both raised and decided by the district court before we will decide them on appeal."). Therefore, regardless of the language used, the issue of whether he can challenge the conditions of his parole in a PCR proceeding is preserved for appeal.

542 N.W.2d 519, 521 (Iowa 1996) ("All administrative remedies must be exhausted before an aggrieved party is entitled to judicial review of an administrative decision."). He acknowledges he did not seek an appeal with the Board before filing the current action. However, he argues this failure should be excused because no adequate administrative remedy is available. *See Salsbury Labs. v. Iowa Dep't of Envtl. Quality*, 276 N.W.2d 830, 836 (Iowa 1979) ("If the agency is incapable of granting the relief sought during the subsequent administrative proceedings, a fruitless pursuit of these remedies is not required."). He argues the imposition of a special sentence is mandatory and not within the discretion of the Board, which deprives him of an adequate administrative remedy.[3] *See* Iowa Code § 903B.1. While the Board lacks discretion in imposing a special sentence, it has discretion in deciding whether to impose parole and which conditions to impose. *See id.*; *see also id.* ch. 906. Because the Board has discretion to address his claims and he did not appeal to the Board, the district court did not err in finding Benford failed to exhaust his administrative remedies.

**AFFIRMED.**

---

[3] To the extent Benford argues the special sentence is unconstitutional, Iowa courts have consistently rejected constitutional challenges to a special sentence. *See State v. Graham*, 897 N.W.2d 476, 482 (Iowa 2017).