Vermont Superior Court
Filed 05/01/24
Washington Unit

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 23-CV-03921

Justin Redcross v Vermont Parole Board

## Request for Additional Briefing

Plaintiff Mr. Justin Redcross seeks review under Vt. R. Civ. P. 75 of a final decision of Defendant the Vermont Parole Board revoking his parole. Following a final hearing, the Board determined that he violated a parole condition warranting revocation. The parties have briefed the substance of the controversy in cross-motions for summary judgment. Before reaching the merits, on its own motion, the Court requests briefing on a preliminary matter potentially affecting the Court's authority to hear this case.

The question is whether the parole revocation proceeding before the Board was a contested case for purposes of Vermont's Administrative Procedures Act ("APA"), 3 V.S.A. §§ 800–848, and if so, whether under Section 815(a) review of the Board's decision should have been sought directly in the Supreme Court?

Section 815 addresses the judicial review of contested cases. It provides:

> A person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision in any contested case may appeal that decision to the Supreme Court, unless some other court is expressly provided by law. However, a preliminary, procedural, or intermediate agency action or ruling is immediately appealable under those rules if review of the final decision would not provide an adequate remedy, and the filing of the appeal does not itself stay enforcement of the agency decision. The agency may grant, or the reviewing court may order, a stay upon appropriate terms.

3 V.S.A. § 815(a).

A "contested case" under the APA is "a proceeding, including but not restricted to rate-making and licensing, in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing." 3 V.S.A. § 801(2). An "agency" includes any "State board, commission, department, agency, or other entity or officer of State government, other than the Legislature, the courts, the Commander in Chief, and the Military Department, authorized by law to make rules or to determine contested cases." 3 V.S.A. § 801(1).

At first blush, the Parole Board appears to be an agency for APA purposes, and the Board in parole revocation proceedings determines the parolee's "legal rights, duties, or privileges" "after an opportunity for a hearing." *See* 28 V.S.A. § 552(b) (parole revocation hearing). Neither the Board nor parole revocation proceedings appear to be expressly exempt from the APA's contested case provisions, even if the Board has some latitude to promulgate its own procedures. *See* 3 V.S.A. § 816; 28 V.S.A. § 552(b)(1) ("The hearing shall be conducted in accordance with such rules and regulations as the Board may adopt."). Numerous courts have held that parole revocation proceedings are contested cases under other states' APAs. *See, e.g., Pisano v. Shillinger*, 835 P.2d 1136, 1138 (Wyo. 1992); *Frazee v. Iowa Bd. of Parole*, 248 N.W.2d 80, 82 (Iowa 1976); *In re Wayne Cnty. Prosecutor*, 591 N.W.2d 359, 361 (Mich. Ct. App. 1998).

If parole revocation proceedings are contested cases, and 3 V.S.A. § 815 applies, that provision requires that appeals go directly "to the Supreme Court, unless some other court is expressly provided by law." 3 V.S.A. § 815(a). Nothing in Vermont parole statutes appears to direct review of revocation decisions to the Superior Court. *See* 28 V.S.A. §§ 551–554. Section 454 says only that: "determinations of the Parole Board shall not be reviewable except as to compliance with the provisions of this chapter." But that provision has never been understood to prevent review of constitutional questions and is not asserted in opposition to the review sought in this case. And it does not mention the Superior Court.

No doubt, in the past, review of parole revocation cases has been conducted directly in the Superior Court, and some such cases then have been appealed to the Supreme Court, all without anyone raising the question presented here. As the United States Supreme Court has cautioned, however, "[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Webster v. Fall*, 266 U.S. 507, 511 (1925).

Moreover, as in this case, some or all those cases proceeded directly to the Superior Court under the Rule 75 rubric. But Rule 75 is a rule of procedure. It neither creates jurisdiction nor a right to review that does not otherwise exist. *See* Reporter's Notes, Vt. R. Civ. P. 75 (The rule "does not purport to say what determinations are reviewable."); Vt. R. Civ. P. 82 ("These rules shall not be construed to extend or limit the jurisdiction of the superior courts and the District Court, or the venue of actions therein.").

On the other hand, there may be other statutes or principles not mentioned above that would counsel in favor of review in this Court.

Accordingly, the Court requests that the parties brief whether or not Plaintiff's parole revocation is rightly seen as a contested case under Vermont's APA and, if so, whether review should have been sought directly in the Supreme Court pursuant to 3 V.S.A. § 815(a). The parties shall file memoranda on that legal issue no later than 21 days from the date this order is docketed.

Electronically signed on Monday, April 29, 2024, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge