# IN THE SUPREME COURT OF IOWA

No. 64 / 04-0981

Filed September 8, 2006

**STATE PUBLIC DEFENDER**,

    Plaintiff,

vs.

**IOWA DISTRICT COURT FOR POLK COUNTY**,

    Defendant.

---

Certiorari to the Iowa District Court for Polk County, Constance Cohen, Judge.

Plaintiff claims district court acted illegally in ordering state public defender to pay fees of attorneys appointed as guardians ad litem for parents in child-in-need-of-assistance and termination-of-parental-rights cases. **WRIT SUSTAINED.**

Thomas G. Becker, State Public Defender, and Julie Miller, Assistant State Public Defender, for plaintiff.

Linda Channon Murphy, Des Moines, for defendant.

**TERNUS, Justice.**

The plaintiff, state public defender, challenges a district court order that required the state public defender to pay the fees of attorneys appointed as guardians ad litem for parents in several child-in-need-of-assistance (CINA) and termination-of-parental-rights (TPR) cases. He claims the statutes specifying costs payable from the indigent defense fund administered by his office do not authorize the use of this fund to compensate attorneys appointed as guardians ad litem for indigent parents in juvenile proceedings. The guardians ad litem, advocating on behalf of the defendant, concede there is no statutory authority for payment of their fees by the state public defender. They argue, however, that the parents they represented were constitutionally entitled to guardians ad litem, and therefore, the state is obligated to pay the guardians. They claim parents' due process right to a meaningful hearing and right to the equal protection of the laws are denied if impaired parents are not provided guardians ad litem. Upon our consideration of the parties' arguments, we conclude there is no statutory or constitutional basis to order the guardians' fees paid from the indigent defense fund. Therefore, we sustain the writ.

I. *Background Facts and Proceedings.*

This original certiorari action involves several cases filed in the district court pursuant to Iowa Code chapter 232 (2003) in which the state sought to have children declared in need of assistance or to have the parents' rights to their children terminated. In each case, the district court appointed an attorney and a separate guardian ad litem for one or both of the parents based on the parents' incompetency. The attorneys serving as guardians ad litem submitted their bills for services rendered in these proceedings to the state public defender for payment. After the state public defender refused to pay the guardians' fees, claiming they were not payable

from the indigent defense fund, the district court entered an order requiring the state public defender to pay the contested fees. The legality of that order is now challenged in this certiorari action.

II. *Scope of Review.*

Our review is guided by the following principles:

> A writ of certiorari lies where a lower board, tribunal, or court has exceeded its jurisdiction or otherwise acted illegally . . . . "Illegality exists when the court's findings lack substantial evidentiary support, or when the court has not properly applied the law." Our review of the district court's action is therefore for correction of errors of law.

*State Pub. Defender v. Iowa Dist. Ct. for Black Hawk County*, 633 N.W.2d 280, 282 (Iowa 2001) (citations omitted).

"If constitutional issues are raised, however, we independently evaluate the totality of the evidence, and our review is de novo." *Pfister v. Iowa Dist. Ct.*, 688 N.W.2d 790, 794 (Iowa 2004). We presume a challenged statute is constitutional. *Id.* The party making the constitutional challenge must "demonstrate there is no reasonable basis upon which the statute can be sustained." *Id.*

III. *Discussion.*

The state public defender argues the costs incurred for the compensation of a court-appointed guardian ad litem for an adult parent in CINA and TPR cases are not payable out of the indigent defense fund administered by his office. The guardians respond that because a guardian ad litem was constitutionally required in each case, the court is obligated to extend the coverage of the indigent defense fund to compensate the guardians ad litem. In addition, the guardians assert they served as guardians ad litem with the understanding they would be paid pursuant to the contracts they had with the state public defender. *See* Iowa Code § 13B.4(3) (allowing state public defender to "contract with [attorneys] for the

provision of legal services to indigent persons"). Because the contracts between the attorneys and the state public defender were not made a part of the record, we do not consider the guardians' contract-based argument.

It is helpful at the outset to identify the precise issue presented in this appeal. The state public defender does not challenge the appointment of the guardians ad litem in the underlying cases. Consequently, whether the appointment of a guardian ad litem was necessary or constitutionally required in any of these cases is not a matter for our consideration. The only issue before this court is whether the state public defender must pay the guardians ad litem from the funds administered by his office. To put this issue in proper perspective, we begin with a brief history of the relevant statutes.

At all pertinent times, Iowa Code section 232.89 has provided for the appointment of counsel for parents in CINA proceedings and the appointment of counsel and a guardian ad litem for the child in such cases. *See* Iowa Code § 232.89(1), (2). Prior to 1999, the Code provisions authorizing payment of expenses in such cases included "the costs of compensation of an attorney appointed by the court to serve as counsel or as guardian ad litem" without regard to whether the attorney represented the parent or the child. *Id.* § 232.141(3)(*c*) (1999). Section 232.141(3)(*c*) stated such costs were to be paid "as provided in section 815.7." *Id.* Section 815.7 is a general provision concerning compensation of court-appointed attorneys in various court proceedings, including juvenile cases. Prior to 1999 it stated in relevant part: "An attorney . . . who is appointed . . . to serve as counsel or guardian ad litem to a person in juvenile court in this state shall be entitled to a reasonable compensation . . . ." *Id.* § 815.7. Another provision of chapter 815, section 815.11, authorized payment of costs incurred under section 232.141(3)(*c*) and section 815.7 from funds

appropriated for indigent defense. *See id.* § 815.11. Thus, prior to 1999, the state public defender was authorized to compensate an attorney appointed as a guardian ad litem in a juvenile proceeding, without regard to whether the attorney represented the parent or the child.

The statutory framework was changed in 1999 to make the payment provisions parallel to the appointment statute, section 232.89. *See* 1999 Iowa Acts ch. 135, §§ 20, 21, 26. Section 232.141(3)(*c*) now limits the state public defender's liability to "[c]osts incurred for compensation of an attorney appointed by the court to serve as counsel to any party or as guardian ad litem *for any child*." Iowa Code § 232.141(3)(*c*) (2003) (emphasis added). Similarly, section 815.7 now states an attorney "appointed by the court . . . to serve as counsel for any person or guardian ad litem *for any child* in juvenile court, shall be entitled to reasonable compensation and expenses." *Id.* § 815.7 (emphasis added). Although section 815.11 continues to provide that costs allowed under sections 232.141(3)(*c*) and 815.7 are to be borne by the state public defender, the limitation of the costs allowed under those statutes has eliminated the responsibility of the state public defender to pay the cost of a guardian ad litem for a parent in a juvenile proceeding. *See id.* § 815.11 (stating "[c]osts incurred under other provisions of the Code or administrative rules are not payable from these funds").

To avoid the statutory restriction on the use of monies appropriated to the state public defender, the guardians argue the state public defender is constitutionally required to compensate them. They argue elimination of payment by the state public defender "ensures the end of appointments of guardians ad litem for impaired indigent parents" in juvenile proceedings. We are not convinced that is so. Although the legislature no longer permits guardians ad litem for parents to be paid from the indigent defense fund,

this change does not prohibit the court from *appointing* guardians ad litem for parents.[1]

The amendments challenged by the guardians ad litem as unconstitutional simply eliminated the mechanism that had formerly been used for compensation of the guardians ad litem. But that change does not mean the state is not obligated to pay the fees of constitutionally required guardians ad litem. This court has held that when an attorney is constitutionally required, the state is obligated to pay the court-appointed attorney reasonable compensation. *See McNabb v. Osmundson*, 315 N.W.2d 9, 16 (Iowa 1982); *accord Pfister*, 688 N.W.2d at 797 (stating that "when the constitution mandates the appointment of counsel ['in proceedings brought by the state in the public interest'], the state has a concomitant responsibility to pay the court-appointed attorney"). Thus, if the guardians ad litem appointed in the underlying cases were constitutionally required, as the district court concluded, the state would have a responsibility to pay the court-appointed guardians ad litem even in the absence of statutory authority for the appointment. *See Pfister,* 688 N.W.2d at 796-98 (holding state must compensate court-appointed attorneys to which defendants were

---

[1]In the same bill that amended sections 232.141(3)(*c*) and 815.7, the general assembly amended section 815.10 in a manner that arguably limited the court's ability to appoint an *attorney* as a guardian ad litem. *See* 1999 Iowa Acts ch. 135, § 28. Section 815.10 states in part that "[t]he court . . . shall appoint the state public defender's designee . . . to represent an indigent person at any stage of the . . . juvenile proceedings." Iowa Code § 815.10(1). This court has interpreted the authority granted to the court in this statute to include the power to appoint a guardian ad litem. *See State Pub. Defender v. Iowa Dist. Ct. for Wapello County*, 644 N.W.2d 354, 357 (Iowa 2002) (holding section 815.10(1) was "broad enough" to include an attorney appointed by the court to serve as guardian ad litem for child victims in connection with criminal prosecutions, thereby making the indigent defense fund liable for the guardian's compensation). The 1999 act added the following language to section 815.10(1): "Only one attorney shall be appointed in all cases, except that in class 'A' felony cases the court may appoint two attorneys." *See* 1999 Iowa Acts ch. 135, § 28 (codified at Iowa Code § 815.10(1)). The same limitation in some form has been found in section 815.7 for many years. Neither party in this appeal has examined the applicability of this limitation to the appointments made in the underlying juvenile cases, or the impact this language may have on the questions presented in this appeal. Therefore, we do not consider this provision in our analysis of the responsibility of the state public defender for the guardians' fees.

constitutionally entitled even though there was no statute authorizing their appointment).

The legislature has provided that claims against the state can be submitted to the director of the department of management for consideration by the state appeal board. *See* Iowa Code ch. 25; Iowa Admin. Code rs. 543—3.1 to 543—3.5. Claims allowed under this statute include valid claims against the state for which no appropriation is available for payment. Iowa Code § 25.1(1). It appears that claims for which no appropriation exists are payable "out of any money in the state treasury not otherwise appropriated." *Id.* § 25.2(3). Consequently, if the state is liable for the costs of guardians ad litem in the subject cases, those costs can be sought under the procedure established by the legislature for general claims against the state. Therefore, we reject the guardians' argument that elimination of the indigent defense fund as a source of payment is tantamount to eliminating guardians ad litem for indigent parents. *Cf. Pfister*, 688 N.W.2d at 798 (holding statutory amendments changing "the mechanics of providing and paying counsel for indigent parolees" were not unconstitutional).

The burden is on the guardians ad litem to demonstrate a constitutional infirmity in the manner in which constitutionally required guardians ad litem are compensated. *See id.* at 794. They have failed to advance any argument in their brief that payment of compensation as a general claim against the state rather than under the procedure established for the state public defender violates the equal protection or due process rights of parents. *See* Iowa R. App. P. 6.14(1)(*c*). Under these circumstances, we find no constitutional basis to require the state public defender to pay the costs for these guardians ad litem.

This court's decision in *In re Interest of S.A.J.B.*, 679 N.W.2d 645 (Iowa 2004), upon which the guardians ad litem rely, does not require a contrary result. In *In re S.A.J.B.*, the district court refused to appoint counsel for an indigent mother in an involuntary termination-of-parental-rights case filed by the child's father under Iowa Code chapter 600A. *In re S.A.J.B.*, 679 N.W.2d at 646. We held the mother's right to equal protection was violated because parents in involuntary termination proceedings brought under Iowa Code chapter 232 were provided court-appointed counsel. *Id.* at 650. To remedy this constitutional defect in the statutory scheme, we held parents in chapter 600A termination proceedings were also entitled to appointed counsel at public expense. *Id.* at 651.

The guardians in this case argue we should similarly extend the coverage of the indigent defense fund to include their compensation to remedy the denial of due process allegedly resulting from the amendments to sections 232.141(3)(*c*) and 815.7. But that argument rests on the incorrect premise that the alteration in the way guardians ad litem are paid in effect means guardians ad litem cannot be appointed. As we have discussed, the amendments challenged by the guardians dealt solely with payment and did not prohibit appointment of guardians ad litem for indigent parents. Therefore, the remedy given in *In re S.A.J.B.*, where counsel was *denied*, is not warranted here.

In summary, we conclude the state public defender has no statutory responsibility to compensate guardians ad litem appointed to represent parents in juvenile proceedings. In addition, the amendments to section 232.141(3)(*c*) and section 815.7 eliminating the state public defender's obligation to pay such guardians ad litem do not violate parents' equal protection or due process rights. Therefore, we conclude the district court

erred in ordering the state public defender to pay the bills submitted by the guardians in the underlying cases.

**WRIT SUSTAINED.**