# IN THE SUPREME COURT OF IOWA

No. 14 / 04-2029

Filed March 9, 2007

**STATE PUBLIC DEFENDER**,

    Plaintiff,

vs.

**IOWA DISTRICT COURT FOR
LINN COUNTY**,

    Defendant.

_____

    Certiorari to the Iowa District Court for Linn County, Susan Flaherty, Associate Juvenile Judge.

    The State Public Defender complains the district court was without authority to order him to pay fees to a court-appointed attorney representing a grandparent who intervened in a parental termination action. **WRIT SUSTAINED.**

    Thomas G. Becker, State Public Defender, and Julie Miller, Assistant State Public Defender, for plaintiff.

    No appearance for defendant.

**STREIT, Justice.**

A court-appointed attorney wants to be paid for her work. The juvenile court appointed counsel for a grandparent in a parental termination action. Iowa law does not give grandparents a right to counsel. The State Public Defender refused to pay the attorney for her work and expenses. The State Public Defender filed a petition for writ of certiorari after the juvenile court ordered him to pay the attorney. Because the Iowa Code only permits the State Public Defender to pay an attorney if the appointment is authorized by statute, the juvenile court exceeded its authority by ordering the State Public Defender to pay the attorney. Writ sustained.

### I. Facts and Prior Proceedings

Attorney Judith Amsler entered into a Legal Services Contract with the State Public Defender to provide legal services to indigents. In March 2002, the juvenile court appointed Amsler to represent Mary Snell, the maternal grandmother and custodian of children involved in a child in need of assistance action ("CINA"). The children were eventually placed with other relatives. In May 2003, the State moved to terminate the parental rights of Snell's daughter and the children's fathers. Snell intervened. The juvenile court appointed Amsler to represent Snell in the termination proceedings. The juvenile court entered a termination order and Amsler represented Snell in an unsuccessful appeal. *See In re D.H.*, No. 03-2029, 2004 WL 240325 (Iowa Ct. App. Feb. 11, 2004).

In July 2004, Amsler submitted a fee claim of $4,360.48 to the State Public Defender for attorney fees and expenses incurred in representing Snell. The State Public Defender paid Amsler $2,802.52. In his notice of action letter to Amsler, the State Public Defender explained

he was denying the portions of Amsler's claim which related to termination because only parents are entitled to a court-appointed attorney in a termination action. *See* Iowa Code § 232.113(1) (2003) ("[T]he parent identified in the petition shall have the right to counsel . . . ."). The State Public Defender does not dispute Snell, as the children's custodian, was entitled to a court-appointed attorney in the CINA action. *See id.* § 232.89(1) ("[T]he parent, guardian, or custodian identified in the [CINA] petition shall have the right to counsel . . . .").

Amsler filed an application for review with the juvenile court. Amsler asserted the State Public Defender "did not challenge the validity of the appointment order at the time of its issuance." Moreover, Amsler argued she acted in "good faith" and that her fees and expenses were reasonable and necessary in the representation of Snell.

After a hearing on the matter, the juvenile court ruled in favor of Amsler and ordered the State Public Defender to pay Amsler's claim "in its entirety." In its ruling, the juvenile court noted it was perhaps without statutory authority to appoint an attorney to represent a party other than a parent in a termination action. Nonetheless, the juvenile court found the contract between Amsler and the State Public Defender required the State Public Defender to pay all "reasonable and necessary legal services" upon appointment by the court. The juvenile court held Amsler "was not obligated to review and ascertain the validity of her Order of appointment, nor was she authorized under contract to expend time to challenge the very Order that appointed her."

The State Public Defender filed a petition for writ of certiorari which we granted. In its brief, the State Public Defender argues (1) grandparents are not entitled to court-appointed counsel in a

termination of parental rights case; (2) the juvenile court should not have considered whether Amsler's contract with the State Public Defender entitles her to payment because she did not raise the contract in her motion for review; (3) Amsler is not entitled to payment under the contract; and (4) even if the contract requires payment, the State Public Defender is prohibited from paying costs incurred in an appointment not authorized by statute. Amsler did not file a brief with this court.

## II. Standard of Review

Certiorari is an action at law "where an inferior tribunal . . . is alleged to have exceeded proper jurisdiction or otherwise acted illegally." Iowa R. Civ. P. 1.1401. Our review of the judgment entered by a juvenile court in a certiorari proceeding is "governed by the rules applicable to appeals in ordinary actions." *Id.* r. 1.1412. Thus, the scope of review is for errors at law. *Fisher v. Chickasaw County*, 553 N.W.2d 331, 333 (Iowa 1996) (citing *City of Des Moines v. Civil Serv. Comm'n,* 540 N.W.2d 52, 55 (Iowa 1995)).

## III. Merits

The State Public Defender coordinates the provision of legal representation for all indigents in Iowa. Iowa Code § 13B.4(1). He is permitted to contract with attorneys to provide legal services to indigent persons. *Id.* § 13B.4(3). A contract attorney must submit claims for payment to the State Public Defender. *Id.* § 815.10A(1). Upon review, the State Public Defender may approve, deny, or reduce the claim for reasons provided in section 13B.4(4)(*c*). An attorney disagreeing with the State Public Defender's decision may file a motion for review with the court having jurisdiction over the original appointment. *Id.* § 13B.4(4)(*d*).

In the present case, the State Public Defender refused to pay Amsler for her work and expenses related to representing Snell in the termination action. According to the State Public Defender, Amsler's fees "are not payable under the law and [her] appointment." *See id.* § 13B.4(4)(*c*)(2)(*b*) (allowing the State Public Defender to deny a claim if it is not payable as an indigent defense claim under chapter 815); *id.* § 815.10(1) (requiring the court to appoint counsel in a juvenile action "in which the indigent person is entitled to legal assistance at public expense"); *id.* § 815.11 (limiting payments from the indigent defense fund to certain types of proceedings). The fighting issue before us is whether the State Public Defender must pay Amsler from the indigent defense fund.

### A. Whether Grandparents are Entitled to Court-Appointed Attorneys in a Termination Action

Grandparents do not have a statutory right to an attorney in a termination action. Under section 232.113 of the Iowa Code, only the parent and child identified in the termination petition have a right to counsel. Snell was not identified as a parent of the children in the termination action at issue. Instead, she is the children's grandparent who intervened. She plainly was not entitled to court-appointed counsel under section 232.113.

Moreover, we have never held grandparents have a constitutional right to an attorney under these circumstances. *See State Pub. Defender v. Iowa Dist. Ct.*, 721 N.W.2d 570, 574 (Iowa 2006) (explaining "when an attorney is constitutionally required, the state is obligated to pay the court-appointed attorney reasonable compensation"). Nor are we asked here to determine whether such a right exists.

Nevertheless, in the past we have at least insinuated a court may have inherent power to appoint an attorney where there is neither a statutory right nor a constitutional right to such an appointment. *See id.* at 573 (stating "[a]lthough the legislature no longer permits guardians ad litem for parents to be paid from the indigent defense fund, this change does not prohibit the court from *appointing* guardians ad litem for parents"); *Larson v. Bennett*, 160 N.W.2d 303, 306 (Iowa 1968) ("vesting in the trial court the discretion of appointing counsel when the facts in a particular [habeas corpus] case make such appointment desirable"). However, even if that power exists, which we need not decide here, it does not carry with it "the power to order the state to compensate counsel thus appointed." *Maghee v. State*, 639 N.W.2d 28, 31 (Iowa 2002). Therefore, the State Public Defender is not required to pay Amsler simply because the juvenile court appointed her.

**B. Whether Amsler's Contract with the State Public Defender Entitles her to be Paid for Representing a Grandparent in a Parental Termination Action**

In its ruling, the juvenile court conceded it may have lacked statutory authority to appoint Amsler. Nonetheless, the court ruled in Amsler's favor because it interpreted "the clear terms of the Legal Services Contract" entitled Amsler to compensation.

The State Public Defender argues the juvenile court should not have considered the terms of the contract in its ruling because Amsler did not rely on the contract as her basis for recovery. The Iowa Administrative Code provides the procedures for seeking review of the State Public Defender's decision to deny or reduce a claim. In the motion for review, the attorney "must set forth each and every ground on which the attorney intends to rely in challenging the action of the state public

defender," Iowa Admin. Code r. 493—12.9(1)(*b*), and "[t]he court shall consider only the issues raised in the attorney's motion." *Id.* r. 493—12.9(2)(*d*). Amsler did not expressly raise the contract in her motion. Instead, she appealed to the court's sense of fairness by noting the State Public Defender "did not challenge the validity of the appointment order at the time of its issuance"[1] and claiming she acted in "good faith."

At the hearing, the juvenile court asked to see the contract between the State Public Defender and Amsler. The State Public Defender agreed to fax it to the court. He did not object to the contract being offered into evidence. Consequently, the State Public Defender did not preserve this alleged error for our review.

Turning now to the contract, we tend to agree with the juvenile court the contract allows recovery. The contract states:

> **2. Services to be Performed by Contractor:** Contractor will provide legal services to indigent persons in criminal, juvenile, post-conviction, contempt/show cause proceedings, or proceedings under Iowa Code chapter 229A as assigned by the Court. . . .
>
> **3. Compensation:** Contractor will be paid for reasonable and necessary legal services performed by Contractor under this Contract, pursuant to administrative rule adopted by the State Public Defender. In addition to this compensation, expenses . . . will be paid to the extent specified by administrative rule adopted by the State Public Defender.

The contract does not specifically address the consequences of a court appointing Amsler where there is no statutory authority for the appointment. A legitimate reading of the contract requires Amsler to be paid simply if she is appointed by the court. Although the contract requires Amsler to "comply with all applicable federal, state and local

---

[1]The State Public Defender's failure to object at the time of appointment is irrelevant to any claim of waiver because he was not aware of the appointment until he received Amsler's claim for fees.

laws," the State Public Defender fails to specify what law, if any, Amsler violated by accepting the appointment to represent Snell in the termination action.

### C. Whether the State Public Defender is Permitted to Pay Costs Incurred in an Appointment not Authorized by Statute

Our inquiry does not end with the contract. Iowa Code section 815.11 expressly limits the types of court appointments for which costs incurred may be paid from the indigent defense fund.

> Costs incurred under chapter 229A, 665, or 822, or section 232.141, subsection 3, paragraph "*c*", or section 814.9, 814.10, 814.11, 815.4, 815.5, 815.7, 815.10, or 908.11 on behalf of an indigent shall be paid from [the indigent defense fund].

Iowa Code § 815.11. If the representation does not fall into one of these enumerated sections or chapters, the "costs incurred . . . are not payable" from the fund. *Id.*

There are only two sections which could possibly apply to an attorney appointed to represent a non-parent in a termination case. Section 815.10(1) requires a court to appoint an attorney "to represent an indigent person . . . [in a] juvenile action in which the indigent person is *entitled* to legal representation at public expense." (Emphasis added.) Here, the termination was a juvenile action but Snell was not entitled to an attorney. At best, the juvenile court had discretion to appoint an attorney for Snell.

The more difficult question is whether section 232.141(3)(*c*) allows Amsler to be paid out of the indigent defense fund. Section 232.141(3)(*c*) states "[c]osts incurred for compensation of an attorney appointed by the court to serve as counsel to *any* party [in a juvenile action] . . . shall be paid in accordance with sections 13B.4 and 815.7." (Emphasis added.)

At first blush, this provision seems to apply to the present circumstances. Amsler was appointed to represent a party in a juvenile action, albeit an intervening party. However, we find it unlikely the legislature contemplated intervening parties in a termination action when it used the word "party" in this context. *Mason v. Schweizer Aircraft Corp.*, 653 N.W.2d 543, 548 (Iowa 2002) ("In attempting to ascertain legislative intent, we look not only to the words used, 'but also to the context within which they appear.'"). Section 232.113 entitles only the *original* parties to counsel—that is the parent and child identified in the termination petition. If we interpreted section 232.141 to include attorneys representing intervening parties, then the State Public Defender would be required to pay any attorney appointed at the inclination of the court. We do not believe the legislature envisioned unending and unknown liability at the public expense. Although we are hesitant to resort to rules of statutory construction where statutory words have ordinary and commonly understood meaning, we will if a literal reading of the statute "leads to injustice, absurdity, or contradiction.'" *Woodbury County v. City of Sioux City*, 475 N.W.2d 203, 205 (Iowa 1991) (quoting *State v. Perry*, 440 N.W.2d 389, 391 (Iowa 1989)). It is ridiculous to assume the legislature who specified only certain people are entitled to counsel in one provision intended other people not mentioned to also receive court-appointed counsel at public expense. Therefore, we interpret "party" in section 232.141(3)(*c*) to mean original party. Since section 232.141(3)(*c*) does not pertain to Amsler's appointment, section 815.11 prohibits the State Public Defender from paying Amsler.

We do not, nor are we asked to, rule on the State's obligation to pay an attorney appointed to represent a party where there is no statutory authorization or constitutional duty to make the appointment. We merely rule the State Public Defender is not permitted to pay Amsler out of the indigent defense fund. *See State Pub. Defender*, 721 N.W.2d at 574 (explaining the statutory mechanism to submit a claim to be paid from the general fund).

### IV.   Conclusion

The juvenile court appointed Amsler to represent an intervening grandparent in a termination action. Grandparents do not have a statutory right to court-appointed counsel under these circumstances. Although a fair interpretation of Amsler's contract with the State Public Defender permits payment, he is nevertheless prohibited from paying for costs incurred in an appointment lacking statutory authority. Thus, the State Public Defender properly denied Amsler's claim. We sympathize with Amsler and commend her for representing indigents in need of legal assistance. Nevertheless, the juvenile court exceeded its authority by ordering the State Public Defender to pay Amsler for her work and expenses.

**WRIT SUSTAINED.**