# IN THE SUPREME COURT OF IOWA

No. 29 / 04-2028

Filed May 11, 2007

**STATE PUBLIC DEFENDER**,

     Plaintiff,

vs.

**IOWA DISTRICT COURT FOR WOODBURY COUNTY**,

     Defendant.

---

Certiorari to the Iowa District Court for Woodbury County, Brian L. Michaelson, Associate Juvenile Judge.

State Public Defender petitioned for a writ of certiorari, challenging the juvenile court's authority to grant recovery on the basis of *quantum meruit.* **WRIT SUSTAINED.**

Thomas G. Becker, State Public Defender, Mark C. Smith, First Assistant State Public Defender, and Julie A. Miller, Senior Assistant State Public Defender, Des Moines, for plaintiff.

Elizabeth A. Rosenbaum, Sioux City, for defendant.

**LARSON, Justice.**

Attorney Elizabeth Rosenbaum was appointed by the juvenile court to act as guardian ad litem in a child-in-need-of-assistance proceeding. Rosenbaum was not under contract with the State Public Defender. Upon completion of her representation, Rosenbaum submitted her fee claim to the public defender. The public defender denied that portion of Rosenbaum's fee claim in excess of statutory fee limitations because Rosenbaum did not submit to the juvenile court her application to exceed fee limitations prior to exceeding the fee limitations, and there was no finding of good cause for the late filing of her application in the court's order authorizing her to exceed. The public defender filed a petition for writ of certiorari after the juvenile court ordered it to pay Rosenbaum's entire fee claim on the basis of *quantum meruit*. We conclude that *quantum meruit* cannot serve as the basis for recovery when the statutory requirements for compensation of court-appointed attorneys have not been met. Writ sustained.

## I. *Facts and Prior Proceedings.*

In October 2003 the juvenile court for Woodbury County appointed Elizabeth Rosenbaum as guardian ad litem in a child-in-need-of-assistance proceeding. Rosenbaum was not under contract with the public defender at the time of the appointment, though she had, in the past, been under such a contract. The court appointed Rosenbaum to this particular case because she had represented the child in a prior proceeding and was familiar with the child's background and the complicated case history.

In March 2004 Rosenbaum submitted a fee claim of $2194.81 for her representation of the child pursuant to Iowa Code section 815.7 (2003). Because Rosenbaum's fees exceeded the statutory limit of $1000, an application and order to exceed fee limitations, both filed March 17, 2004, were attached to the fee claim. The public defender reduced Rosenbaum's

fee claim to $1117.31 (the $1000 fee limit for appointment as a guardian ad litem in a child-in-need-of-assistance proceeding plus $117.31 for reasonable expenses), explaining that Rosenbaum's application to exceed was untimely because it was not filed, and approved, prior to actually exceeding the fee limitations. *See* Iowa Code § 815.10A(2). Further, the order authorizing Rosenbaum to exceed did not contain a finding of good cause for the late filing of the application, as required by Iowa Code section 815.10A(2).

Rosenbaum filed a motion for review of her fee claim, arguing she was entitled to her entire fee claim on the basis of *quantum meruit*. Rosenbaum asserted that she had previously been permitted to obtain any necessary orders to exceed statutory fee limitations at the time she submitted her fee claim, and the public defender had honored such orders. After a hearing on the matter, the juvenile court concluded that, although Rosenbaum did not comply with the statutory requirements governing compensation of court-appointed attorneys, she was entitled to fees in excess of the fee limitations under a theory of *quantum meruit*. The juvenile court stated:

> Although there is a statute [Iowa Code section 815.10A(2) and Iowa Administrative Code rule 493-12.6(3)] setting forth the rule cited by the Public Defender, it has not been enforced until recently. To hold a party responsible for a rule that has consistently been ignored does not conform to equity principles. Moreover, this rule is one of procedure and seems to be something of a technicality. Even though Rosenbaum has completed a great amount of work in this case, the Public Defender claims she should not be paid for 50% of her fee claim because she did not file the correct paper at the correct time. This Court finds that to deny Rosenbaum her fee does not comply with principles of equity.

The public defender filed a petition for writ of certiorari, which we granted. The public defender argues that Rosenbaum did not properly raise the issue of *quantum meruit* in her motion for review and that *quantum*

*meruit* cannot be used to supersede the statutory requirements of Iowa Code section 815.10A(2).

## II. *Standard of Review.*

In a certiorari case, we review the district court's ruling for correction of errors at law. *State Pub. Defender v. Iowa Dist. Ct.*, 721 N.W.2d 570, 572 (Iowa 2006).

> "A writ of certiorari lies where a lower board, tribunal, or court has exceeded its jurisdiction or otherwise acted illegally . . . . 'Illegality exists when the court's findings lack substantial evidentiary support, or when the court has not properly applied the law.' "

*Id.* (quoting *State Pub. Defender v. Iowa Dist. Ct.*, 633 N.W.2d 280, 282 (Iowa 2001) (citations omitted)). We are bound by the district court's factual findings, if well supported. *State Pub. Defender v. Iowa Dist. Ct.*, 644 N.W.2d 354, 356 (Iowa 2002).

## III. *Merits.*

The public defender is statutorily authorized to review fee claims for representation of indigents in Iowa. Iowa Code § 13B.4(4). Because Rosenbaum was not under contract with the public defender, Iowa Code sections 815.7 and 815.10A govern her compensation. The public defender is required to establish fee limitations for particular categories of cases, and the fee limitation for an attorney appointed as guardian ad litem for a minor in a child-in-need-of-assistance proceeding is $1000. Iowa Code § 13B.4(*a*); Iowa Admin. Code r. 493-12.6. An attorney may recover fees in excess of this fee limitation for good cause. The procedure for recovering fees in excess of fee limitations is set forth in Iowa Code section 815.10A(2):

> An attorney shall obtain court approval *prior to exceeding the fee limitations* established by the state public defender pursuant to section 13B.4. An attorney may exceed the fee limitations, if good cause is shown. An attorney may obtain court approval after exceeding the fee limitations, if good cause

> is shown. The order approving an application to exceed the fee limitations shall be effective from the date of filing the application unless the court order provides an alternative effective date. Failure to file an application to exceed a fee limitation after exceeding the fees shall not constitute good cause. The application and the court order approving the application to exceed fee limitations shall be submitted with any claim for compensation.

(Emphasis added.)

The reasonableness of Rosenbaum's fee claim is undisputed. Thus, had she filed a timely application to exceed fee limitations, the court likely would have found good cause for her to exceed and would have issued an order to that effect. As the juvenile court emphasized, this was an extremely complicated case involving a contested emergency removal and allegations of severe child abuse by adoptive parents. Rosenbaum's prior involvement with the child and her knowledge of the past case history improved the quality of representation for the minor child. We commend Rosenbaum for her willingness to act as a court-appointed attorney in these difficult cases and for providing quality representation for indigents. However, it is clear that she did not comply with the requirements set forth in section 815.10A(2). A testament to the difficulty of this particular case, Rosenbaum exceeded the $1000 fee limitation on November 8, 2003, a full three months before she completed her representation. Unfortunately, she did not file her application to exceed until March 17, 2004. Although the juvenile court approved her application, thus finding good cause for her to exceed the fee limitation, it did not find good cause for Rosenbaum's failure to file a timely application. Therefore, pursuant to Iowa Code section 815.10A(2), the public defender was clearly entitled to deny that portion of Rosenbaum's fee claim in excess of the fee limitation.

Nonetheless, the juvenile court concluded that, under a theory of *quantum meruit,* Rosenbaum was entitled to her entire fee claim. We do not

address the public defender's contention that Rosenbaum failed to properly raise this issue in her motion for review, as required by Iowa Administrative Code rules 493-12.9(1)(*b*) and 493-12.9(2)(*d*), and assume, for purposes of this certiorari action, that the issue was properly pled.

*Quantum meruit* is a quasi-contractual theory of recovery providing that, " '[when] one person renders services for another which are known to and accepted by him, the law implies a promise on his part to pay therefor.' " *In re Estate of Walton*, 213 Iowa 104, 105-06, 238 N.W. 577, 577 (1931) (quoting *Scully v. Scully's Ex'r*, 28 Iowa 548, 550-51 (1870)). The theory of *quantum meruit* is premised on the idea that it is unfair to allow a person to benefit from another's services when the other expected compensation. While it is tempting to allow recovery under a theory of *quantum meruit* in the instant case, especially considering the hard work and quality representation Rosenbaum provided to the minor child, we cannot do so.

In enacting section 815.10A(2), the legislature set forth clear requirements with which a court-appointed attorney must comply in order to receive compensation in excess of statutory fee limitations. This legislation serves to protect both the court-appointed attorney and the taxpayer by ensuring that the attorney will be compensated for all reasonable services provided, and the taxpayer will not be saddled with costs that are unnecessary for the representation in each particular case. Requiring prior approval to exceed the fee limitations provides a level of control over the indigent-defense fund, which is necessary to ensure that all those who are entitled to legal representation receive it. Allowing a theory of *quantum meruit* to supersede clear statutory requirements would serve to undermine the legislature's purpose in enacting section 815.10A(2).

We have considered this issue previously in other contexts and have concluded that *quantum meruit* cannot be used to supersede the affirmative requirements of a statute.  *See Equal Access Corp. v. Utils. Bd.*, 510 N.W.2d 147, 151 (Iowa 1993) (quoting *Madrid Lumber Co. v. Boone County*, 255 Iowa 380, 387, 121 N.W.2d 523, 527 (1963)) (" '[The court is] bound by positive provisions of a statute . . . and where the contract is void because not in compliance with express statutory provisions, a court . . . cannot give validity to the contract [under a theory of *quantum meruit*].' "); *Maynes Real Estate, Inc. v. J.F. McPherron*, 353 N.W.2d 425 (Iowa 1984).  As we stated in *Maynes*,

> [u]nder the plaintiffs' theory, it would make little difference whether the statutory requirement of a writing had been complied with or not if they could fall back on the theory of quantum meruit.  Clearly, the result would defeat the purpose of the rule . . . .
>
> . . . .
>
> We hold since plaintiffs cannot recover on an oral contract of employment, neither can they recover for the same services on a quantum meruit theory.

*Maynes Real Estate, Inc.*, 353 N.W.2d at 427-28.  We conclude that the juvenile court exceeded its authority by ordering the public defender to pay Rosenbaum fees in excess of statutory fee limitations on the basis of *quantum meruit.*

### IV.  *Conclusion.*

Iowa Code section 815.10A(2) clearly sets forth the requirements with which a court-appointed attorney must comply in order to recover fees in excess of statutory fee limitations.  Although it appears the public defender has, in the past, failed to consistently enforce these requirements, a theory of *quantum meruit* cannot be asserted in order to circumvent affirmative statutory requirements.  We sympathize with Rosenbaum and understand her frustration with the public defender's denial of her fee claim.  However,

as we have stated in the past, "[i]f this rule works some 'inequities in particular cases, it is within the purview of the legislature and not this court to correct what is now well-settled public policy.'" *Maynes Real Estate, Inc.*, 353 N.W.2d at 428 (quoting *Wright v. Smith,* 249 A.2d 56, 57 (R.I. 1969)). The juvenile court exceeded its authority by ordering the public defender to pay Rosenbaum fees in excess of statutory fee limitations on the basis of *quantum meruit.* We sustain the public defender's writ of certiorari.

**WRIT SUSTAINED.**