# IN THE SUPREME COURT OF IOWA

No. 119/ 05–1144

Filed January 4, 2008

**STATE PUBLIC DEFENDER**,

Plaintiff,

vs.

**IOWA DISTRICT COURT FOR UNION COUNTY**,

Defendant.

Certiorari to the Iowa District Court for Union County, Peter A. Keller, Judge.

State Public Defender challenges a district court order allowing fees to an attorney appointed in a criminal case. **WRIT SUSTAINED.**

Thomas G. Becker, State Public Defender, and Mark C. Smith, First Assistant State Public Defender, for plaintiff.

Andrew J. Knuth of Rutherford, Trewet & Knuth, Atlantic, for defendant.

**LARSON, Justice.**

The Union County District Court appointed attorney Andrew Knuth to represent an indigent defendant in a criminal case. Knuth finished his representation of the defendant and filed his fee claim; however, he filed it after the forty-five-day deadline provided by statute. The State Public Defender, who is charged with the responsibility of reviewing such claims, denied the claim as untimely. The district court, nevertheless, ordered the public defender to pay the claim, and the public defender brought this certiorari action. We sustain the writ.

### I. Standard of Review.

In a certiorari case, the district court's ruling is reviewed for correction of errors at law. *State Pub. Defender v. Iowa Dist. Ct.*, 731 N.W.2d 680, 683 (Iowa 2007).

> "A writ of certiorari lies where a lower board, tribunal, or court has exceeded its jurisdiction or otherwise acted illegally . . . . 'Illegality exists when the court's findings lack substantial evidentiary support, or when the court has not properly applied the law.'"

*Id.* (quoting *State Pub. Defender v. Iowa Dist. Ct.*, 721 N.W.2d 570, 572 (Iowa 2006)).

### II. Discussion.

Compensation for court-appointed attorneys is governed by Iowa Code chapters 13B and 815 (2005), as well as Iowa Administrative Code chapter 493. The public defender is authorized to review all claims for payment of indigent defense costs and may deny such a claim if, among other things, it is not timely. Iowa Code § 13B.4(4)(*c*)(2)(a). A claim is untimely when it is not "submitted to the State Public Defender within forty-five days of the sentencing, acquittal, or dismissal of a criminal case

or the final ruling or dismissal of any other type of case." Iowa Code § 815.10A(2).

Knuth's client was sentenced on March 18, 2005, and Knuth filed his fee claim on May 11, 2005—fifty-four days after sentencing. It is clear, and apparently undisputed, that Knuth did not comply with the statutory timelines required for submitting a fee claim. Despite the failure to file a timely claim, the district court waived the statutory forty-five-day deadline and approved the claim. The public defender argues that the district court did not have the authority to approve a fee claim under these conditions.

Two statutes govern fee claims in indigent-defense cases. Iowa Code section 815.10A(2) establishes a deadline for filing:

> Claims for compensation and reimbursement submitted by an attorney appointed after June 30, 2004, are not considered timely unless the claim is submitted to the state public defender within forty-five days of the sentencing, acquittal, or dismissal of a criminal case or the final ruling or dismissal of any other type of case.

Another statute prescribes the duties of the State Public Defender. Under that statute,

> [t]he state public defender may review any claim for payment of indigent defense costs and may take any of the following actions:
>
> . . . .
>
> (2) Deny the claim under any of the following circumstances:
>
> (a) If it is not timely.

Iowa Code § 13B.4(4)(*c*).

Iowa Code section 13B.4(4)(*d*) provides that

> the attorney may seek review of any action or intended action denying or reducing any claim by filing a motion with the court with jurisdiction over the original appointment for review.

However, that review is limited. "If a claim or portion of the claim is denied, the action of the state public defender shall be affirmed unless the action conflicts with an administrative rule or the law." Iowa Code § 13B.4(4)(*d*)(5). The claimant in this case does not contend that the action of the public defender was contrary to statute or administrative rule.

Under Iowa Code section 13B.4(8), "[t]he state public defender shall adopt rules, as necessary, pursuant to chapter 17A to administer this chapter and chapter 815." Administrative code rule 493—12.2(6) provides that, "[f]or cases to which the attorney is appointed after June 30, 2004, claims that are not timely will be denied." Nothing in any of the statutes we have discussed or this administrative rule suggest any exceptions to the denial rule for untimely claims, nor is there any provision for waiving the requirement of timely filing.

Our reading of these statutes and the administrative rule applying them leads us to conclude that the district court exceeded its authority by ordering payment of the claim in question. We therefore sustain the writ of certiorari. The claimant's alternative argument, that the public defender was estopped from denying the claim, was not raised in the district court, and we therefore deem it waived.

**WRIT SUSTAINED.**