# IN THE COURT OF APPEALS OF IOWA

No. 18-1853
Filed June 5, 2019

**TELLY LAWON NIX,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, George L. Stigler, Judge.

Telly Nix appeals the district court's denial of his application for postconviction relief, which we construe as a motion to correct an illegal sentence. **WRIT ANNULLED.**

John L. Thompson, Tama, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered by Vogel, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

In his application for postconviction relief (PCR), Telly Nix identified he was convicted of first-degree robbery "and was given a mandatory sentence simply because he was over the age of 18." However, he argued "he was immature and still too young to make responsible decisions," and his mandatory minimum sentence therefore violates his constitutional rights of due process and equal protection, as well his right to be free from cruel and unusual punishment.

A claim that a criminal sentence is unconstitutional amounts to an assertion that the sentence is illegal, and an illegal sentence may be corrected at any time. *State v. Lyle*, 854 N.W.2d 378, 382 (Iowa 2014). We construe Nix's application as a motion to correct an illegal sentence, the denial of which he has no right to appeal from. *See State v. Propps*, 897 N.W.2d 91, 96–97 (Iowa 2017); *see also Bonilla v. State*, 791 N.W.2d 697, 699–700 (Iowa 2010). The proper form of review is by a petition for writ of certiorari. *Propps*, 897 N.W.2d at 97. We therefore treat Nix's notice of appeal and appellate briefs as a petition for writ of certiorari, grant the writ, and proceed to the merits of his claims. *See* Iowa R. App. P. 6.108.

The State moved for summary disposition of Nix's application, arguing the supreme court's decision in *Lyle*[1] only applies to juveniles offenders.[2] The State moved for summary disposition of Nix's purported amended application on the

---

[1] The *Lyle* court held that "all mandatory minimum sentences of imprisonment for youthful offenders are unconstitutional." 854 N.W.2d at 400.

[2] The State also argued the application was barred on statute-of-limitations grounds. We note a claim that a sentence is illegal is not subject to the statute of limitations contained in Iowa Code section 822.3 (2018). *See Veal v. State*, 779 N.W.2d 63, 65 (Iowa 2010).

same grounds.  Following an unreported hearing, the district court denied the application as follows:

> The gravamen of Mr. Nix's application is that because he was in his early 20s when the crime for which he was convicted was committed that the precepts of *State vs. Lyle* should be applied to him.  His belief is that because the human brain is not sufficiently formed by age 25, that he should not be held to adult standards.  That is not the law of the State of Iowa.

The question before us in this certiorari proceeding is whether the district court's decision is contrary to law.  *See* Iowa R. App. P. 6.107(1)(a) (allowing certiorari where a lower tribunal "acted illegally"); *State Pub. Defender v. Iowa Dist. Ct.*, 744 N.W.2d 321, 321 (Iowa 2008) ("[I]llegality exists . . . when the court has not properly applied the law." (citation omitted)).

On appeal, Nix essentially asks us to extend the application of *Lyle* to adult criminal offenders.  The supreme court has made clear that its sentencing scheme for juvenile offenders has "no application to sentencing laws affecting adult offenders."  *Lyle*, 854 N.W.2d at 403.  "[T]he line between being a juvenile and an adult was drawn for cruel and unusual punishment purposes at eighteen years of age."  *State v. Seats*, 865 N.W.2d 545, 556 (Iowa 2015) (discussing *Roper v. Simmons*, 543 U.S. 551, 574 (2005)).  Nix was not a juvenile at the time of his offense.  He is not entitled to be treated as a juvenile for purposes of sentencing. The district court's conclusion of the same was not contrary to law.  We also note our previous rejection of arguments identical to Nix's.[3]  We see no reason to deviate from these prior decisions.

---

[3] *See, e.g.*, *Pendleton v. State*, No. 18-0082, 2019 WL 1486588, at *2 (Iowa Ct. App. Apr. 3, 2019); *Cook v. State*, No. 17-1245, 2019 WL 719163, at *4 (Iowa Ct. App. Feb. 20, 2019); *Swan v. State*, No. 17-0877, 2018 WL 6706212, at *3 (Iowa Ct. App. Dec. 19,

To the extent Nix argues not extending the application of *Lyle* to adult offenders violates the constitutional guarantee to equal protection of the laws, we disagree. *See Lyle*, 854 N.W.2d at 395 (noting juveniles "are constitutionally different from adults for purposes of sentencing" (quoting *Miller v. Alabama*, 132 S. Ct. 2455, 2464 (2012))); *Varnum v. Brien*, 763 N.W.2d 862, 883 (Iowa 2009) ("[T]he equal protection guarantee requires that laws treat all those who are similarly situated *with respect to the purposes of the law* alike."); *see also Hall*, 2018 WL 4635685 at *6; *Nassif*, 2018 WL 3301828, at *1.

Finally, Nix argues the court erred in summarily disposing of his application without providing him a hearing. The record before us shows he was granted a hearing. Nix seems to complain that he was not given an opportunity to conduct discovery before the hearing. The record belies his claim. The State filed its motion for summary disposition in June 2018. About a week later, the court scheduled a hearing on the motion to take place in August. PCR counsel moved for a continuance, requesting "additional time to allow the undersigned to gather information . . . and obtain exhibits and other documentation, if appropriate, prior to hearing." Over the State's resistance, the court granted the motion and continued the hearing to October. The hearing was held as scheduled. Nix had

---

2018); *State v. Mubarak*, No. 17-2056, 2018 WL 5839848, at *3 (Iowa Ct. App. Nov. 7, 2018); *State v. Hall*, No. 17-0570, 2018 WL 4635685, at *5 (Iowa Ct. App. Sept. 26, 2018); *Nassif v. State*, No. 17-0762, 2018 WL 3301828, at *1 (Iowa Ct. App. July 5, 2018); *State v. Wise*, No. 17-1121, 2018 WL 2246861, at *3 (Iowa Ct. App. May 16, 2018); *Smith v. State*, No. 16-1711, 2017 WL 3283311, at *3 (Iowa Ct. App. Aug. 2, 2017); *Thomas v. State*, No. 16-0008, 2017 WL 2665104, at *2 (Iowa Ct. App. June 21, 2017); *Schultz v. State*, No. 16-0626, 2017 WL 1400874, at *1 (Iowa Ct. App. Apr. 19, 2017); *Kimpton v. State*, No. 15-2061, 2017 WL 108303, at *3 (Iowa Ct. App. Jan. 11, 2017); *State v. Davis*, No. 15-0015, 2015 WL 7075820, at *1–2 (Iowa Ct. App. Nov. 12, 2015); *State v. Vance*, No. 15-0070, 2015 WL 4936328, at *2 (Iowa Ct. App. Aug. 19, 2015); *State v. Clayton*, No. 13-1771, 2014 WL 5862075, at *6 (Iowa Ct. App. Nov. 13, 2014).

ample time to compile materials the court is allowed to consider under Iowa Code section 822.6 in ruling on a motion for summary disposition. The fact that he supposedly failed to do so does not render the court's ruling illegal.

We conclude the district court correctly applied the law in this case. We therefore annul the writ.

**WRIT ANNULLED.**