# IN THE COURT OF APPEALS OF IOWA

No. 20-1732
Filed October 6, 2021

**STATE OF IOWA,**
　　　　Plaintiff-Appellee,

**vs.**

**NELSON SIERRA HERNANDEZ,**
　　　　Defendant-Appellant.
_____

　　　　Appeal from the Iowa District Court for Polk County, Samantha J. Gronewald, Judge.


　　　　Nelson Hernandez appeals an order for restitution following his criminal convictions. **WRIT SUSTAINED, CASE REMANDED.**


　　　　Jessica Donels of Parrish Kruidenier Dunn Gentry Brown Bergmann & Messamer L.L.P., Des Moines, for appellant.

　　　　Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee.


　　　　Considered by Bower, C.J., and Vaitheswaran and Schumacher, JJ.

**SCHUMACHER, Judge.**

Nelson Hernandez appeals an order for restitution following his criminal convictions. He argues the district court violated his due process rights by ordering him to pay restitution of $593.80 in costs and $125.00 in surcharges without holding a hearing on his reasonable ability to pay and erred in reopening the record on the issue of restitution.

In its July 2018 sentencing order, the court specifically found Hernandez had no reasonable ability to pay restitution for fees and costs. In April 2020, the Iowa Department of Corrections (DOC) filed a restitution plan reflecting $593.80 in costs and $125.00 in surcharges. In June, Hernandez objected, arguing a finding was never made that he had a reasonable ability to pay and requesting a hearing on the issue. The court declined to take any action, noting Hernandez failed to file a financial affidavit. *See* Iowa Code §§ 910.1(4), .2A(2)(b), (d) (2020). After various other filings, the State waived its right to a restitution hearing and to cross-examine Hernandez. Thereafter, without holding a hearing, the court entered an order finding Hernandez had a reasonable ability to pay category "B" restitution. Hernandez moved for reconsideration but filed a notice of appeal before the court could rule on it.

To begin, Iowa Code section 910.7(5), which was amended effective June 25, 2020, before Hernandez's motion for a hearing on his reasonable ability to pay was filed, provides appellate review of a district court ruling following a petition for a hearing concerning an offender's reasonable ability to pay shall be by writ of certiorari. Because Hernandez argues the court acted illegally, exercising our discretion, we choose to treat Hernandez's notice of appeal and brief as a

petition for writ of certiorari. We grant the writ and proceed to the merits. *See* Iowa R. App. P. 6.107(1), .108.; *see also State Pub. Def. v. Iowa Dist. Ct.*, 731 N.W.2d 680, 683 (Iowa 2007). Our review on certiorari is for legal error. *Spitz v. Iowa Dist. Ct.*, 881 N.W.2d 456, 464 (Iowa 2016).

The State agrees the original sentencing order that determined Hernandez was not reasonably able to pay court costs and attorney fees was a permanent restitution order because there was nothing left to be determined and it should be enforced. The record discloses the $593.80 in costs assessed by the DOC consisted of a $100.00 filing fee, $163.80 in sheriff's fees, $80.00 in court reporter fees, and a $250.00 civil penalty for the sex-offender-registration fee. The State submits the first three items should not have been assessed against Hernandez, but the $250.00 civil penalty for sex offender registration was properly assessed. We agree the penalty is not subject to a reasonable-ability-to-pay determination, nor is the law enforcement initiative surcharge. *See* Iowa Code § 910.2(1) (2018); *cf. id.* §§ 910.1(1), .2(1)(a)(1) (2020). No challenge is made to the initial determination that Hernandez had no reasonable ability to pay costs and fees. We vacate the court's subsequent order determining he was reasonably able to pay $593.80 in costs, and we remand the matter to the district court to clarify that Hernandez is only responsible for items not subject to a reasonable-ability-to-pay determination—the surcharge and penalty—totaling $375.00.

**WRIT SUSTAINED, CASE REMANDED.**