# IN THE COURT OF APPEALS OF IOWA

No. 20-1507
Filed December 15, 2021

**STATE OF IOWA,**
    Plaintiff-Appellant,

**vs.**

**IOWA DISTRICT COURT FOR JASPER COUNTY,**
    Defendant-Appellee.
_____

Certiorari to the Iowa District Court for Jasper County, Brad McCall, Judge.

On certiorari, the State challenges the legality of a district court ruling in a postconviction-relief proceeding. **WRIT SUSTAINED, ORDER VACATED, AND CASE REMANDED.**

Thomas J. Miller, Attorney General and Nicholas E. Siefert, Assistant Attorney General, for appellant.

Chad R. Frese of Kaplan & Frese, LLP, Marshalltown, for appellee.

Considered by Mullins, P.J., and May and Ahlers, JJ.

**MULLINS, Presiding Judge.**

**I.      Background**

In June 2020, Joshua Barr, a safekeeper[1] in a correctional facility, was issued a disciplinary notice for violating three rules, including rule forty, concerning "Misuse of Mail, O-Mail, Telephone, or Other Communications."[2]   The notice provided Barr violated the rules by contacting minors when he was prohibited from doing so.  An administrative law judge (ALJ) issued a hearing decision on June 29 concluding Barr violated the rules, finding Barr, as a sex offender, had been directed to not have contact with minors; the rules apply to safekeepers; and rule forty prohibits contact through third persons.[3]  As punishment, the ALJ imposed a reprimand.

In July, Barr filed an application for postconviction relief (PCR), purportedly challenging the disciplinary action, in which he noted he suffered "0 days loss of good time credit(s)," was placed "in the Unit B level system" for an "indefinite

---

[1] *See* Iowa Code § 229A.2(10) (2020) ("'Safekeeper' means a person who is confined in an appropriate secure facility pursuant to this chapter but who is not subject to an order of commitment pursuant to this chapter.").  The record shows Barr served his criminal sentence and was a pre-trial detainee relative to a proceeding for possible civil commitment as a sexually violent predator (SVP). *See id.* § 229A.5; *see also Huss v. Rogerson*, 271 F. Supp. 2d 1118, 1121 (S.D. Iowa 2003) ("Safekeepers are those pretrial detainees awaiting trial as a [SVP] and, if so found are consequently civilly committed for treatment pursuant to Iowa Code Chapter 229A."); *Atwood v. Vilsack*, 725 N.W.2d 641, 643–44 (Iowa 2006) (involving claims by "pretrial detainees held by the Iowa Department of Corrections, awaiting hearing on their Iowa Code [c]hapter 229A, or who were committed pursuant to Iowa Code [c]hapter 229A" (alterations in original) (citation omitted)).
[2] The two other rules concerned "Disobeying a Lawful Order/Direction" and "Attempt or Complicity."
[3] The contact involved a phone call between Barr and his mother, during which Barr requested his mother to say hello to two minors on his behalf.

amount of time," and was blocked from a specific phone number for roughly a month. The only relief Barr requested from the court was to lay out clarifications of what and how rules apply to safekeepers at the correctional facility. In response, the State moved for summary disposition for failure to state a claim upon which relief may be granted, arguing Barr suffered neither a loss of earned time or substantial deprivation of liberty or property interest.

The matter proceeded to hearing in September, at which Barr argued on his own behalf. He submitted he has been in prison since 2011, became a safekeeper in 2015, and, at that point, his prison counselor advised him the facility rules did not apply to him as a safekeeper and he was only disallowed from contacting his victims. He also explained he has contacted minor relatives in the past without issue. The State stood by its position that Barr was not entitled to any relief.

In its ruling, the district court acknowledged Barr was merely reprimanded; he did not challenge the outcome of the administrative hearing but only requested that the "court set aside the rules which prohibit him from having telephone conversations with minors"; and he is no longer a prisoner, but rather a pre-trial detainee being held under Iowa Code chapter 229A. The court also acknowledged it could only grant relief from a prison disciplinary decision in two situations: (1) where the discipline results in a reduction of an inmate's good and honor time or (2) where the discipline results in a substantial deprivation of an inmate's liberty or property interests. *See Wycoff v. Iowa Dist. Ct.*, 580 N.W.2d 786, 787 (Iowa 1998). While noting the Department of Corrections' (DOC) policy provides "sex offenders with minor victims are prohibited from telephone contact with minors," the court found the lack of an SVP adjudication resulted in "the rule prohibiting him

from having telephonic contact with minors bear[ing] 'no reasonable relation to the purpose' for which he is being detained: incapacitation." The court also found, despite being the subject of a lifetime special sentence under the custody of the DOC pursuant to Iowa Code section 903B.1 and being under the supervision and conditions imposed by the district department of correctional services under section 906.1(1)(a), the Board of Parole, not the DOC, has the power to enforce parole conditions. The court reversed the ALJ's decision and directed the DOC "to allow telephonic communication between [Barr] and the two minors in question, provided the parent or legal guardian for each of the minors consents to such communication."

The State filed a petition for writ of certiorari, arguing the district court exceeded its jurisdiction or otherwise acted illegally. The supreme court granted the writ and transferred the case for this court for disposition.

**II. Standard of Review**

"Certiorari is an action at law; therefore, our review is at law." *Ary v. Iowa Dist. Ct.*, 735 N.W.2d 621, 624 (Iowa 2007). "[W]e may examine only the jurisdiction of the district court and the legality of its actions." *Reis v. Iowa Dist. Ct.*, 787 N.W.2d 61, 66 (Iowa 2010) (quoting *Christensen v. Iowa Dist. Ct.*, 578 N.W.2d 675, 678 (Iowa 1998)). "Illegality exists when . . . the court has not properly applied the law." *State Pub. Def. v. Iowa Dist. Ct.*, 744 N.W.2d 321, 321 (Iowa 2008) (quoting *State Pub. Def. v. Iowa Dist. Ct.*, 731 N.W.2d 680, 683 (Iowa 2007)).

**III. Analysis**

The State argues the court exceeded its jurisdiction and legal authority when it "went beyond the scope of the prison disciplinary hearing properly at issue

in a case brought under section 822.2(1)(f)," which authorizes PCR when the applicant's "reduction of sentence pursuant to sections 903A.1 through 903A.7 has been unlawfully forfeited and the person has exhausted the appeal procedure of section 903A.3, subsection 2." The State submits PCR was not available because the disciplinary proceeding resulted in neither a loss of earned time or substantial deprivation of Barr's liberty or property interests, and a simple reprimand does not trigger relief under section 822.2(1)(f). Because Barr only really challenged the conclusion that the rules applied to him as a safekeeper, the State suggests the proper avenue for relief was under chapter 17A, the Administrative Procedure Act.

As noted, section 822.2(1)(f) only authorizes PCR in two circumstances, neither of which Barr alleged in his application or the court found were present.[4] As such, we agree with the State that the court had no jurisdiction or legal authority to grant Barr relief under chapter 822. Chapter 822 contains no reference to chapter 17A and, as a result, chapter 17A is "the exclusive means by which a person . . . aggrieved or adversely affected by agency action may seek judicial review of such agency action." Iowa Code § 17A.19. While "chapter 822, not chapter 17A, provides the method of review for decisions falling within section 822.2," *Maghee v. State*, 773 N.W.2d 228, 242 (Iowa 2009), the claim for

---

[4] In his appellate brief, Barr argues the "limitation on phone calls is a substantial deprivation of liberty and not a statutory right, therefore providing the district court with jurisdiction to consider Barr's claims under Iowa Code section 822.2(1)(f)." That argument was neither raised nor considered by the court below. While we have authority to uphold "a district court ruling on a ground other than the one upon which the district court relied," that avenue on appeal is only available when the ground was urged below. *DeVoss v. State*, 648 N.W.2d 56, 61 (Iowa 2002). Because the argument was not specifically raised below and both parties are bound to error-preservation requirements based on fairness, we decline to allow Barr to ambush the State with that argument on appeal. *See id.* at 63.

relief forwarded in this case and the court's ruling thereon did not fall within section 822.2. As such, the proper vehicle for relief was chapter 17A, and the district court acted illegally in granting relief under chapter 822.

We sustain the writ of certiorari and vacate the district court's order granting relief. We remand the matter to the district court to enter an order effectuating this opinion. *See State v. McLachlan*, 880 N.W.2d 513, 516 n.5 (Iowa Ct. App. 2016 (explaining the utility of corrected district court orders).

**WRIT SUSTAINED, ORDER VACATED, AND CASE REMANDED.**